**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------x

UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: April 1, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :

---------------------------------------------------x

**DEFENDANTS' MOTION TO DISMISS**
**COUNT 23 OF THE SUPERSEDING INDICTMENT**

Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, defendants John R. Kramer and Carlos Ortiz respectfully submit this motion to dismiss Count 23 of the superseding indictment dated March 12, 2008 (the "Superseding Indictment"). Count 23 charges the defendants with federal program bribery and aiding and abetting federal program bribery in violation of 18 U.S.C. §§ 666(a)(2) and 2. As demonstrated below, the charges included in Count 23 are duplicitous and should be dismissed with prejudice.

**BACKGROUND**

On October 26, 2007, the defendants moved to dismiss Count 23 of the indictment (the "First Motion to Dismiss") on the ground that it failed to provide fair notice of the bribery charge against them. (See Defendants' Memorandum of Law in Support of Their Motion to Dismiss Count 23 of the Indictment, dated Oct. 26, 2007.) The government opposed the First Motion to Dismiss, claiming that "[t]he bribery scheme set forth in Count 23 of the indictment more than sufficiently enables defendants to prepare their defense." (See United States' Objection to Defendants' Motion to Dismiss Count 23 of the Indictment, dated Nov. 30, 2007 at 8.) The defendants filed a reply in further support of the First Motion to Dismiss, in which they observed that if Count 23 contemplated more than one bribe, it would have to be dismissed as duplicitous.

(See Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss Count 23 of the Indictment, dated Dec. 14, 2007 at 2 n.1 ("Presumably, Count 23 contemplates only a single *quid pro quo* exchange during the May 1999–December 2003 time period; otherwise, Count 23 would have to be dismissed as duplicitous.").)

On January 31, 2008, the Court heard oral argument on the First Motion to Dismiss. On February 21, 2008, the government informed the Court that either it would seek to supersede the indictment, or else it would voluntarily move to dismiss Count 23. (See Letter from Assistant United States Attorney Gerard B. Sullivan to the Hon. Mary M. Lisi, dated Feb. 21, 2008.)

On March 12, 2008, a grand jury returned the Superseding Indictment against the defendants. Count 23 of the Superseding Indictment alleges as follows:

> 106. The Grand Jury realleges and incorporates by reference paragraphs 1-23 and 32-95 of this Indictment, as though fully set forth herein.
>
> 107. For each of the years 1999, 2000, 2001, 2002 and 2003, the State of Rhode Island received benefits in excess of $10,000 per year from federal programs involving grants, contracts subsidies, loans guarantees, insurance, and other forms of federal assistance.
>
> 108. From in or about May 1999 through in or about December 2003, in the District of Rhode Island and elsewhere, defendants KRAMER and ORTIZ did knowingly and corruptly give, offer, and agree to give something of value to any person with intent to influence and reward an agent of the State of Rhode Island in connection with the business, transaction, and series of transactions of such government, and involving something of value of $5,000 or more, namely: defendants KRAMER and ORTIZ, as executives of CVS, caused CVS to make approximately $45,000 in payments and to provide other things of value to John Celona, a Rhode Island State Senator and an appointed Senate member of the RISLA, to influence and reward him in connection with the business and transactions of the Rhode Island Senate concerning Freedom of Choice, Pharmaceutical Returns, Canadian Pharmacies, and Electronic Prescription legislation, and in

> connection with the business and transactions of the RISLA concerning the Pharmacy Student Loan program.

(Superseding Indictment ¶¶ 106–08.) For the reasons demonstrated below, the government has failed to cure the charging defects, and dismissal of Count 23 with prejudice is now warranted.

**ARGUMENT**

Separate offenses should be charged in separate counts of an indictment. See Fed. R. Crim. P. 8(a). Duplicity is the improper joining of two or more distinct and separate offenses in a single count. United States v. D'Amico, 496 F.3d 95, 98 (1st Cir. 2007), vacated on other grounds, D'Amico v. United States, __ U.S. __, 2008 WL 423513 (Feb. 19, 2008); United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999). The test for determining whether a single count improperly contains separate offenses is "whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." United States v. Holley, 942 F.2d 916, 928 (5th Cir. 1991).

The First Circuit has observed that "the prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995) (citations omitted); accord D'Amico, 496 F.3d at 98. A duplicitous indictment may also fail to give a defendant adequate notice of the nature of the charges against him, may subject him to prejudicial evidentiary rulings, and may produce a confused record preventing him from pleading double jeopardy as a bar to a subsequent prosecution. D'Amico, 496 F.3d at 99. As demonstrated below, the dangers implicated by a duplicitous indictment are present here.

To establish a charge of federal program bribery in violation of 18 U.S.C. § 666(a)(2), the government must first establish that in a particular one-year period, "commenc[ing] no earlier

than twelve months before the commission of the offense" or "end[ing] no later than twelve months after the commission of the offense," the state received federal benefits in excess of $10,000. 18 U.S.C. §§ 666(b) & (d)(5). Beyond that threshold requirement, the government must establish each of the following elements: (1) that at the time alleged in the Superseding Indictment, John Celona was an agent of the government; (2) that the defendants gave something of value to Celona; (3) that the defendants acted corruptly with the intent to influence or reward Celona with respect to a transaction or series of transactions; (4) that the value of the transaction or series of transactions to which the payment related was at least $5,000; and (5) that the defendants' actions created a risk to the integrity of the program. See 18 U.S.C. § 666(a)(2). In this case, the government must also establish that the payments to Celona by CVS did not constitute "bona fide salary, wages, fees or other compensation paid . . . in the usual course of business," to which the statute does not apply. 18 U.S.C. § 666(c).

In a federal program bribery prosecution, "every corrupt offer warrants a separate charge under section 666." United States v. Tutein, 122 F. Supp. 2d 575, 577 (D.V.I. 2000). In Tutein, the government alleged that the defendant had offered payment to a Virgin Islands senator on two occasions -- once in October 1998 and again in February 1999 -- in order to secure the Senator's support in connection with "upcoming legislation involving [the defendant's] employer." Id. The indictment charged the defendant with one count of federal program bribery under 18 U.S.C. § 666(a)(2) that encompassed both offers of payment. Id. On the defendant's motion, the district court dismissed the indictment because it charged the defendant with bribery "as a single offense comprised of two sets of facts, creating the danger that the jury could convict him of that offense without agreeing unanimously on either course of conduct." Id. at 578.

Count 23 of the Superseding Indictment exhibits those same defects, but to an even greater degree. The Tutein court found duplicity where a single count conflated only two offers of payment separated by four months. Count 23 is therefore surely duplicitous where it conflates a series of thirty-eight separate payments and gifts of "other things of value" over a span of four-and-a-half years. (Superseding Indictment ¶¶ 44, 46–47, 108 (alleging that "[o]n diverse dates from on or about April 10, 2000, through on or about September 17, 2003," the defendants "caused 38 checks to be issued to Celona").) Count 23 also alleges that:

> between February 2000 and December 2003, Kramer and Ortiz caused CVS to provide gifts of meals, travel and entertainment to Celona including:
>
> a. attendance at CVS corporate events;
> b. tickets to professional sporting events;
> c. tickets to attend the taping of a nationally syndicated television program;
> d. greens fees at various golf courses;
> e. expenses related to travel to Key Biscayne, Florida and San Diego, California.

(Superseding Indictment ¶ 47.) Because the government will have to prove each payment and gift with "dissimilar facts," Count 23 is a duplicitous amalgam of separate offenses in a single count. See Holley, 942 F.2d at 928–29 (dismissing perjury indictment as duplicitous where each count alleged multiple false statements and government "was required to prove dissimilar facts to show the knowing falsity of each statement").

The federal program bribery statute itself refutes any claim that multiple payments can properly be aggregated into a single charge of federal program bribery. The statute's threshold jurisdictional requirement demands that the state's receipt of federal funds take place during a continuous "one-year period" within which the offense occurred. 18 U.S.C. §§ 666(b) & (d)(5). Thus, the statute does not contemplate that a single violation will be based on an alleged scheme

carried out through multiple payments over several years. Rather, the statute contemplates that a violation consists of a particular payment on a particular date within a one-year period during which the state receives the requisite $10,000 in federal funds. Count 23, however, alleges that the State of Rhode Island received the federal funds in "each of the years 1999, 2000, 2001, 2002 and 2003." (Superseding Indictment ¶ 107.) This allegation is fundamentally inconsistent with the statute. Because the Superseding Indictment alleges not a single "one-year period" but instead five separate one-year periods (1999, 2000, 2001, 2002 and 2003), Count 23 is facially duplicitous.

Count 23's duplicity creates the exact problems contemplated by the courts in D'Amico and Tutein: (1) it does not give the defendants sufficient notice of the nature of the offenses charged; (2) it will produce an inadequate trial record and prevent the defendants from pleading double jeopardy as a bar to subsequent prosecution; and (3) it will increase the risk of conviction despite a non-unanimous verdict. See D'Amico, 496 F.3d at 99; Tutein, 122 F. Supp. 2d at 577. In a duplicitous charge, "there is no way of knowing with a general verdict on two separate offenses joined in a single count whether the jury was unanimous with respect to either," United States v. Starks, 515 F.2d 112, 117 (3d Cir. 1975), and here Count 23 alleges not just two separate offenses, but dozens of them.[1]

The problem of duplicity has plagued Count 23 from the outset of this prosecution. As the defendants noted in their Reply Memorandum on the First Motion to Dismiss, Count 23 of the initial indictment was arguably duplicitous, but its total lack of detail offered at least the

---

[1] For example, four jurors may conclude that money was provided to John Celona in 2000 to influence and reward his action on Freedom of Choice legislation. Four others may find that tickets to professional sporting events were provided to Celona in 2001 to influence or reward his action on pharmaceutical returns. The four remaining jurors may decide that Celona was invited to attend CVS corporate events in 2002 to influence his action on Canadian pharmacies. In the event of a guilty verdict, that verdict would be fatally flawed because it is not unanimous on the essential elements of a single offense.

possibility that the government intended the single count to rest on one particular unidentified payment. (See Reply Memorandum at 2 n.1.) The Superseding Indictment offers no such ambiguity. Not only does it recite a litany of payments, gifts, and legislation, but it incorporates by reference the specific allegations of eighty-seven paragraphs from the Superseding Indictment. (See Superseding Indictment ¶ 105.) While the prior version of Count 23 failed to allege any particular payment, the new version of Count 23 alleges thirty-eight of them. In short, the superseding version of Count 23 has simply replaced one legal failing with another, equally egregious flaw.

The government should not be given yet another opportunity to fix its defective bribery charge. The defendants' trial is imminent, and the government has already had two chances to assert a satisfactory bribery charge. It has failed on both attempts. The defendants have lived under the shadow of this prosecution for several years already and are prepared to proceed to trial; they should not be subjected to further delay as a result of the government's inability to assert a satisfactory charge. In these circumstances, dismissal of Count 23 with prejudice is warranted.

## CONCLUSION

For all the foregoing reasons, defendants respectfully request that the Court dismiss Count 23 of the Superseding Indictment with prejudice as duplicitous.

Dated: April 1, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building

91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 1st day of April, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov
- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov
- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov