**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CR 07-09-01 (MML) |
| JOHN R. KRAMER, and<br>CARLOS ORTIZ | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT KRAMER'S MOTION TO PRECLUDE OR SEVER**

The United States of America, by and through its undersigned counsel, hereby objects to Defendant Kramer's Motion to Preclude Prior Testimony of Co-Defendant Carlos Ortiz or, in the Alternative, to Sever His Trial From the Trial of Carlos Ortiz. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

United States of America
By its Attorney,

ROBERT CLARK CORRENTE
United States Attorney

/s/ STEPHEN G. DAMBRUCH

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas

DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
Dan.petalas@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2008, I caused the within Government's Objection to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ STEPHEN G. DAMBRUCH

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09-01MML |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT KRAMER'S MOTION TO PRECLUDE OR SEVER**

## I. Introduction

Defendant Kramer has filed a motion to preclude the government from introducing co-defendant Ortiz' prior testimony before the state grand jury or, in the alternative, to sever defendant Kramer's trial from that of co-defendant Ortiz. Defendant Kramer, in support of his preclusion request, claims that he was unfairly surprised by the government's decision to introduce Ortiz' prior testimony. As justification for the alternative remedy, that is, severance, defendant Kramer asserts that the introduction of Ortiz' prior testimony at a joint trial would impermissibly infringe upon defendant Kramer's right to confront witnesses against him. Both of defendant Kramer's arguments are without merit and, for the reasons set forth below, the Court should deny his motion.

## II. <u>Facts and Travel</u>

On August 4, 2004, co-defendant Ortiz testified under oath before a state grand jury about his interactions with former State Senator John Celona. The government provided defense counsel with a transcript of that testimony, along with copies of transcripts of defendants' other prior statements and testimony, on February 16, 2007. Furthermore, the government also produced a large volume of Jenck's Act material on July 7, 2007 for the defendants. Significantly, those materials included interview reports and grand jury transcripts for Todd Andrews, Betty Bibeault, and James Smith, all of whom attribute statements to Carlos Ortiz that are similar in nature and substance to some of the portions of Ortiz' prior grand jury testimony about which defendant Kramer now complains.

Despite Kramer's assertion to the contrary, the government never committed not to use the Ortiz grand jury testimony in its case in chief. Admittedly, Assistant United Attorney Gerard Sullivan informed defense counsel that he was leaning against introducing the Ortiz testimony, but he never firmly committed to that position. That fact was made abundantly clear to defense counsel during an exchange of e-mails occurring in February of 2008. On February 12, 2008, lead counsel for defendant Kramer sent an e-mail to Mr. Sullivan asking him "to confirm by reply e-mail that the government will not introduce the prior testimony

of either defendant unless that defendant testifies at trial."[1] Mr. Sullivan, when he responded to that e-mail on February 20, 2008, stated that his "preliminary assessment was, as you have stated, not to use the transcripts in the government's case-in-chief." He also specifically advised that "I will not make a final determination until I am more prepared for trial," noting that he considered it to be a trial issue that he would "address in the pre-trial memo." Furthermore, Mr. Sullivan reminded defense counsel of his intention to use the Ortiz (and Kramer) transcripts in the event that one or both of the defendants testified, or as part of the government's rebuttal presentation.

Finally, on March 24, 2008, six weeks before jury selection and seven weeks in advance of the start of trial, Mr. Sullivan sent an e-mail to defendant Kramer's lead counsel informing him that Mr. Sullivan was "becoming more convinced on the need for at least Ortiz State GJ" and inviting a discussion with defense counsel about potential Bruton issues. Defense counsel was also aware, as early as July 7, 2007, that other witnesses (i.e., Andrews, Bibeault, and Smith) were privy to and, therefore, might offer testimony about statements and/or admissions allegedly made by co-defendant Ortiz that are similar to those contained in the grand jury transcript in question.

[1] The fact that defense counsel requested written confirmation suggests that he did not have a prior commitment and belies the premise of defendant Kramer's reliance allegations.

**III. Argument**

A. Preclusion Not an Appropriate Remedy

Defendant Ortiz' prior grand jury testimony is admissible against him pursuant to Federal Rule of Evidence 801(d)(2) as a statement of a party opponent. That same grand jury testimony is not, however, admissible against defendant Kramer, since there is no independent ground to do so at this time. United States v. Rodriguez-Duran, 507 F.3d 749, 768-69 (1st Cir. 2007).[2] Under those circumstances, any Confrontation Clause issues can generally be resolved by way of the Court instructing the jury that they may only consider co-defendant Ortiz grand jury testimony as evidence against him, and not defendant Kramer. Richardson v. Marsh, 481 U.S. 200, 211 (1987).

Only in the limited circumstance where a non-testifying defendant's extrajudicial statement is powerfully incriminating against his co-defendant, which is not the situation in the instant case, must the Court actually prohibit the use of that statement in a joint trial. United States v. Vega Molina, 407 F.3d 511, 518-19 (1st Cir. 2005). In that case, even assuming the potential taint could not be eliminated through redaction, the appropriate remedy would be severance and not preclusion.

[2] However, virtually the same evidence, in which co-defendant Ortiz criticizes defendant Kramer, for the decision to hire Celona, may be admissible against defendant Kramer as co-conspirator statements by co-defendant Ortiz to witnesses Todd Andrews and Betty Bibeault.

Although requiring the government to forgo the use of co-defendant Ortiz' incriminating statements to the state grand jury would eliminate any potential Bruton problem, the price of that remedy is too high, and totally unnecessary in this case. Richardson v. Marsh, 481 U.S. 200, 210 (1987). This is especially true when the introduction of such statements best serves "society's compelling interest in finding, convicting and punishing those who violate the law." Moran v. Burbine, 475 U.S. 412, 426 (1986).

B. Severance Not Required

A court should grant a severance under Rule 14(b) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. "Incidental spillover prejudice . . . does not suffice" to make out a case for severance. United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993). A defendant must make a "strong showing of prejudice" by articulating "specific ways" in which he would be prejudiced. Id. Moreover, "[s]everance is only one remedy - and certainly the most extreme-in the federal courts' remedial arsenal." United States v. Leichter, 160 F.3d 33, 36 n.4 (1st Cir. 1998). Often, "less drastic measures, such as limiting instructions, . . . will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539.

This Court's severance rulings are reviewed for "manifest abuse of discretion," United States v. DeLeon, 187 F.3d 60, 63 (1st Cir. 1999), reversed only upon a "strong showing of evident prejudice," United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).

1. No Bruton Problem

The United States Supreme Court, in the case of Bruton v. United States, 391 U.S. 123 (1968), prohibited the introduction of statements by a non-testifying co-defendant that are, on their face, both "powerfully incriminating" as well as directly implicating a jointly tried defendant. United States v. Vega-Molina, 407 F.3d 511, 520 (1st Cir. 2005); United States v. Lopez-Lopez, 282 F.3d 1, 13 (1st Cir. 2002); see Richardson v. Marsh, 481 U.S. 200, 208, 107 S. Ct. 1702 (1987) (holding that Bruton applies when a non-testifying defendant's statement "expressly implicate[es]" a co-defendant, leaving no doubt that it would be "powerfully incriminating."). Only such circumstances call into doubt the strong presumption that jurors adhere to instructions, thus requiring severance. Vega-Molina, 407 F.3d at 520.

The fact that a co-defendant's admission tends to corroborate the government's case against the jointly-tried defendant "is simply not enough" to create a Bruton problem. United States v. DiGregorio, 705 F.2d 1184, 1190 (1st Cir. 1979).

Nor is it sufficient that a statement is of “an ‘incriminating nature’” or “tends to be incriminating” sufficient. Lopez-Lopez, 282 F.3d at 13. Therefore, it requires more than mere “prejudicial spillover” to cause severance. Also, there is no Bruton issue if the statement only becomes incriminating when linked together with other evidence introduced at trial. Richardson v. Marsh, 481 U.S. 200, 208 (1987); United States v. Smith, 46 F.3d 1223, 1228 (1st Cir. 1995). To the contrary, if a statement does not involve “the ‘powerfully incriminating’ effect of one accomplice pointing the finger directly at another, without subjecting himself to cross examination,” Bruton does not apply. DiGregorio, 705 F.2d at 1190. In such a case, an instruction, rather than severance, is the appropriate remedy. Id.

Here, the statements singled out by defendant Kramer as sufficient to trigger a Bruton problem are neither powerfully incriminating nor do they expressly implicate defendant Kramer in some sort of criminal activity. In fact, co-defendant Ortiz does not even mention defendant Kramer by name or otherwise in many of the segments of co-defendant Ortiz’ testimony highlighted by defendant Kramer as most problematic (see 21:2-4; 30:1-9; 32:15-33:2; 33:21-25; and, 45:2-21). Co-defendant Ortiz does admittedly make reference to defendant Kramer in the remaining passages, but those statements can not be fairly characterized as

the verbal equivalent of co-defendant Ortiz pointing an incriminating finger directly at defendant Kramer [i.e., a description of Kramer's management style (24:23-25 and 64:13-65:13)]. Rather, they offer nothing more than some corroboration for other aspects of the government's case and/or are only incriminating when linked with other evidence, thereby failing to rise to the level of creating a legitimate Bruton issue requiring severance [i.e., evaluation of Celona's job performance (30:1-9; 45:2-21)]. Furthermore, some of the highlighted statements speak to facts that will be independently established through the testimony of other witness and/or the introduction of other evidence [i.e., defendant Kramer's participation in the hiring of Celona as a CVS consultant (23:24-24:2); defendant Kramer's knowledge of the amount of compensation to be paid to Celona (28:10-13); co-defendant Ortiz' consultation with Todd Andrews (32:15-33)].

2. Redaction as Alternative to Severance

If the Court finds that the introduction of the entirety of co-defendant Ortiz' prior grand jury is on its face both powerfully incriminating and directly implicates defendant Kramer, the Court should consider the less disruptive option of allowing for the redaction of the most troublesome portions of that testimony before granting defendant Kramer's request for severance. Defendant Kramer's Bruton concerns focus on a very

small portion of co-defendant Ortiz' prior testimony (probably less than a total of four pages out of a sixty-seven page transcript). Although not even necessary, the grand jury testimony in question could be easily sanitized.

While the Court must take into account co-defendant Ortiz' position on any such redactions, he arguably would only be entitled to seek introduction of those redacted portions of his prior testimony under a rule of completeness theory. Federal Rule of Evidence 106. In that case, co-defendant Ortiz would be required to demonstrate that the redaction would create a misunderstanding or distortion that could only be averted by way of the introduction of the redacted portions of his testimony. United States v. Awon, 135 F.3d 96, 101 (1st Cir. 1998). Furthermore, co-defendant Ortiz would have to establish that the redacted statements are relevant to the issues in the case and clarify the portion of his testimony offered into evidence by the government. United States v. Price, 516 F.3d 597, 604 (7th Cir. 2008); Bradford v. Bruno's, Inc., 94 F.3d 614, 621 (11th Cir. 1996). The rule does not require the admission of sections of the transcript "that are neither explanatory of nor relevant to the admitted passages." United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999). Furthermore, the rule of completeness does not mandate admission of the entire transcript just because some of the redacted portions might be exculpatory. United States v.

Bollin, 264 F.3d 391, 415 (4th Cir. 2001); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996).

Examples of sections that could easily be redacted are the questions and/or answers appearing at 24:7-9; 24:23-25; 55:11-24; and, 64:13-65:13. These portions of co-defendant Ortiz grand jury testimony, which primarily involve statements by co-defendant Ortiz blaming defendant Kramer for the decision to hire Celona, are not relevant to any valid defense and would, at best, only support an impermissible appeal by co-defendant Ortiz for jury nullification. Therefore, redaction of these portions of the testimony would eliminate any possibility of a Bruton problem while avoiding any distortion of co-defendant Ortiz' prior statements on relevant issues.

## IV. **Conclusion**

Based upon the foregoing, the government respectfully requests that the Court deny defendant Kramer's motion to preclude or, in the alternative, sever.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/Stephen G. Dambruch
_________________________
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov.

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
__________________________
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
Dan.petalas@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2007, I caused the within Government's Memorandum to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ STEPHEN G. DAMBRUCH
STEPHEN G. DAMBRUCH
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Stephen.dambruch@usdoj.gov