UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09-01 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS COUNT 23 OF THE SUPERSEDING INDICTMENT**

The United States of America, by and through its undersigned counsel, hereby objects to Defendants' Motion to Dismiss Count 23 of the Superseding Indictment. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

United States of America
By its Attorney,

ROBERT CLARK CORRENTE
United States Attorney

/s/ STEPHEN G. DAMBRUCH

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
___________________________
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
Dan.petalas@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2008, I caused the within Government's Objection to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ STEPHEN G. DAMBRUCH

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 07-09-01 MML** |
| | : | |
| **JOHN R. KRAMER and** | : | |
| **CARLOS ORTIZ.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO DISMISS COUNT 23 OF THE SUPERSEDING INDICTMENT**

The defendants move, pursuant to Fed. R. Crim. P. 12(b)(3), to dismiss Count 23 of the Superseding Indictment with prejudice, arguing that the Count is duplicitous. See Defendants' Motion to Dismiss Count 23 of the Superseding Indictment (filed Apr. 1, 2008) (the "Duplicity Motion"). Count 23 charges each defendant with federal program bribery and aiding and abetting federal program bribery in violation of 18 U.S.C. §§ 2, 666(a)(2). The allegations in that Count describe a course of conduct in furtherance of a single bribery scheme, not multiple, separate bribery offenses. Accordingly, Count 23 is not duplicitous and the motion to dismiss should be denied.

## ANALYSIS

### I. The Elements of a Federal Program Bribery Charge

To prove federal program bribery under Section 666(a)(2) (including the jurisdictional hook at sub-section (b)), the government must establish each of the following elements: (i) that the defendant offered, gave, or agreed to give some thing of value to another person; (ii) that the recipient of the offer, agreement, or thing of value was an agent of a State government or agency thereof; (iii) that the defendant acted corruptly, with the intent, at least in part, to influence or reward the recipient in connection with some business, transaction, or series of transactions with

the government or agency;[1] (iv) that the business, transaction, or series of transactions involved anything of a value of $5,000 or more; and (v) that the government or agency, in a one-year period, received benefits of more than $10,000 under any federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other assistance.[2] 18 U.S.C. § 666(a)(2), (b); see United States v. Castro, 89 F.3d 1443, 1454 (11th Cir. 1996). See Eighth Cir. Model Crim. Jury Instr. ¶ 6.18.666C at 179-80 (2008); Seventh Cir. Pattern Crim. Jury Instr. at 178 (1998) (instruction for § 666(a)(1)(B)); Eleventh Cir. Pattern Crim. Jury Instr. No. 24 at 180-81 (2003) (instruction for § 666(a)(1)(B)).

## II. Charging a "Course of Conduct" in a Single Count Is Not Duplicitous.

An indictment is duplicitous if it joins two or more distinct and separate offenses in a single count. United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999). The Federal Rules of Criminal Procedure provide that "[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(c)(1). "This rule necessarily contemplates that two or more acts, each one of which would constitute an offense standing alone, may be joined in a single count

---

[1] Use of the phrase "at least in part" in the bribery instruction is appropriate if a defendant argues that a challenged bribe payment was made for a valid reason, because a "valid purpose that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability." United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993).

[2] In describing the elements of federal program bribery, the defendants attempt to engraft on the statute an additional element that has no basis in law. They assert that the government must prove "that the defendants' actions created a risk to the integrity of the program." Duplicity Motion at 4. The government bears no such burden. Although the defendants cite the statute itself as authority for that proposition, the proposed element is not found in the language of the statute and the Supreme Court and the First Circuit have unambiguously rejected the same claims in the past. United States v. Sabri, 541 U.S. 600, 603-07, 124 S. Ct. 1941 (2004) (holding that the statute does not require a nexus between corrupt conduct and the federally funded program); United States v. Cianci, 378 F.3d F.3d 71, 96-97 (1st Cir. 2004) (recognizing that Sabri disposed of any obligation to prove a nexus).

without offending the rule against duplicity." United States v. Berardi, 675 F.2d 894, 897-98 (7th Cir. 1982).

Indeed, it is well established in the First Circuit that multiple acts may be charged in a single count where those acts legitimately can be construed to be part of a single criminal scheme or course of conduct. United States v. Trainor, 477 F.3d 24, 32 (1st Cir. 2007) (single count allegedly charging two conspiracies not duplicitous, recognizing that "the question for review is simply whether the indictment may be read to allege a single unified scheme in each count." (citation omitted)); United States v. Cruzado-Laureano, 404 F.3d 470, 484-85 (1st Cir. 2005) (multiple acts of Section 666 embezzlement from a program receiving federal funds charged in single count were properly aggregated); United States v. Daley, 454 F.2d 505, 509 (1st Cir. 1972) (single count charging multiple acts of embezzlement not duplicitous because "several separate transactions may form a single, continuing scheme, and may therefore be charged in a single count"); United States v. Chandler, 171 F.2d 921, 937 (1st Cir. 1949) (single count charging multiple acts of treason not duplicitous because they were in furtherance of single treasonous scheme).[3] Likewise, in a case involving similar allegations, the First Circuit acknowledged that a course of conduct involving a series of payments and activities may demonstrate the quid pro quo theory for proving a criminal violation of the honest services mail fraud statute. United States v. Sawyer, 85 F.3d 713, 730 (1st Cir.1996) (recognizing that "a person with continuing and long-term interests before an official might engage in a pattern of

[3] Cf. United States v. Verrecchia, 196 F.3d 294, 297-98 (1st Cir. 1999) (single count alleging possession of 22 different firearms not duplicitous, noting court's unwillingness to turn "a single transaction into multiple offenses"). Under the course-of-conduct theory of bribery, addressed below, the bribe scheme charged here is a single offense, which should not be transformed into multiple offenses.

repeated, intentional gratuity offenses in order to coax ongoing favorable official action in derogation of the public's right to impartial official services").

As in the First Circuit, other courts routinely reject challenges to indictments charging multiple criminal acts in a single count where the allegations consist of a related course of conduct in pursuit of a single criminal scheme. E.g., United States v. Moloney, 287 F.3d 236, 240 (2d Cir. 2002) (noting that Second Circuit has adopted a "general presumption in favor of allowing a common scheme to be treated as part of a single offense.");[4] United States v. Smith, 373 F.3d 561, 564 (4th Cir. 2004) (single count charging multiple acts of embezzlement appropriate because acts were part of a single plan or scheme); United States v. Robin, 693 F.2d 376, 378 (5th Cir. 1982) (holding that "threatening statements could be consolidated in a single count because they were part of a single, continuing scheme"); United States v. Alsobrook, 620 F.2d 139, 142 (6th Cir. 1980) (single count alleging six separate acts of interstate travel with intent to carry on gambling activity not duplicitous, and affirming government's election "to characterize the actions of [the defendant] as a continuing course of conduct that represented only a single offense"); United States v. Jaynes, 75 F.3d 1493, 1502 (10th Cir.1996) (allegations in single counts charging defendant with forging and passing 64 Treasury checks over five-year period were each part of a single scheme and thus properly contained in single counts); United States v. Klat, 156 F.3d 1258, 1266 (D.C. Cir. 1998) (single count charging multiple threats appropriate where acts represent a single course of conduct).

To evaluate a claim of duplicity where an indictment charges in one count a series of interrelated acts that may be characterized as a single course of conduct, this Court should

[4] See also United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989) (two narcotics sales that constituted a single, continuing scheme could be charged in a single count); United States v. Margiotta, 646 F.2d 729, 733 (2d Cir. 1981) (upholding decision to aggregate multiple mailings in a single count of mail fraud).

consider, first, whether the defendants' alleged actions legitimately may be regarded as a single course of conduct and, second, whether prosecution on a single count would unfairly prejudice the defendants. See United States v. Alsobrook, 620 F.2d 139, 142 (6th Cir. 1980); United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir. 1987), overruled on other grounds by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); United States v. Berardi, 675 F.2d 894 (7th Cir. 1982). The first prong considers whether there is a sufficient nexus between the various acts charged together. See United States v. Zeidman, 540 F.2d 314, 317 (7th Cir. 1976). The second prong measures "the indictment against the purposes of the prohibition against duplicity." Shorter, 809 F.2d at 58 n.1. In conducting this analysis, the government should be afforded considerable discretion in determining whether multiple, closely-related acts constitute a single criminal course of conduct and thus may be charged in a single count. Alsobrook, 620 F.2d at 142 ("The determination of whether a group of acts represents a single, continuing scheme or a set of separate and distinct offenses is a difficult one that must be left at least initially for the discretion of the prosecution.").

**A. The Defendants' Multiple Payments Are Properly Characterized as Part of a Single Bribery Course of Conduct.**

As to the first prong, whether the charged conduct is closely related, it is particularly relevant that several courts have concluded that multiple payments in a bribery case, in particular, can properly be considered part of a single criminal scheme. These courts have recognized that the quid pro quo element of a bribery-related scheme often derives from a course of conduct, not single payments linked to single reciprocal acts.

In United States v. Jennings, 160 F.3d 1006 (4th Cir. 1998), a Section 666 bribery case, the Fourth Circuit rejected a challenge to the government's course-of-conduct theory of bribery. The court recognized that the government would be required to prove a quid pro quo under the

statute, but held that the government was not required to charge that each particular bribe payment was in exchange for a specific official act:

> [T]he government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions). Bribery requires the intent to effect an exchange of money (or gifts) for specific official action (or inaction), but each payment need not be correlated with a specific official act. Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action. In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that." Further, it is not necessary for the government to prove that the payor intended to induce the official to perform a set number of official acts in return for the payments. The quid pro quo requirement is satisfied so long as the evidence shows a "course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. For example, payments may be made with the intent to retain the official's services on an "as needed" basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf. This sort of "I'll scratch your back if you scratch mine" arrangement constitutes bribery because the payor made payments with the intent to exchange them for specific official action.

Id. at 1014 (emphasis in original) (citations omitted).

The Second Circuit adopted the same approach in United States v. Ganim, 510 F.3d 134 (2d Cir. 2007). In Ganim, a former mayor was charged with, among other violations, a single count of federal program bribery related to his course of conduct in receiving a stream of kickbacks and other benefits in exchange for official actions as opportunities arose. Id. at 144-50; see id. at 150 n.9 (noting substantive federal program bribery count charged in Count 7). In addressing a challenge to the jury instruction on the quid pro quo element in the case, Ganim held, "[s]o long as the jury finds that an official accepted gifts in exchange for a promise to perform official acts for the giver, it need not find that the specific act to be performed was identified at the time of the promise, nor need it link each specific benefit to a single official act." Id. at 147. The court recognized that the course-of-conduct bribery theory is a desirable means of prosecuting multiple-act bribery arrangements that extend over time, for "[t]o require

otherwise could subvert the ends of justice in cases – such as the one before us – involving ongoing schemes." Id. (emphasis added).

The Third Circuit recently followed suit in a bribery-related honest services case. See United States v. Kemp, 500 F.3d 257 (3d Cir. 2007). Kemp held that, in a prosecution based in part on the bribery theory of honest services fraud, "the District Court's instruction to the jury that it could convict upon finding a 'stream of benefits' was legally correct." Id. at 282. In reaching that conclusion, the Third Circuit cited both Jenner as well as Sawyer, the leading honest-services fraud case from the First Circuit.

In the instant case, the allegations in Count 23 demonstrate that the multiple acts alleged are all part of a closely-related course of conduct in furtherance of a single, unitary bribery scheme. The alleged payments and things of value were given to the same recipient, Celona. The same two defendants caused the same donor, CVS, to provide Celona with those payments and other things of value. The stream of payments to Celona were all related to the same, allegedly sham consultation agreement between the parties. Further, the direct payments to Celona were continuing, monthly payments. The payments and gifts to Celona were provided over a discretely-defined period between May 1999 and December 2003. Those benefits were all allegedly provided for the same purpose and in furtherance of the same alleged bribery scheme: that is, to influence and reward Celona in connection with the official business and transactions of his public office when the opportunity presented itself. Some of the official actions that the defendants attempted to influence and reward are described with particularity in the revised Count 23.

In addition, the Count specifically incorporates numerous paragraphs that describe allegations in support of the other "scheme" type offenses charged in the Superseding Indictment. That the conspiracy count, the background of the honest services "scheme," and the

federal program bribery count share a set of core factual allegations further underlines that the bribery count is legitimately construed as a closely-related course of conduct in furtherance of a single bribery offense.[5]

**B. Charging the Course of Conduct in One Count Does Not Offend the Purposes of the Prohibition.**

As to the second prong, "[w]hen the offenses joined bear a relationship to one another and may be said to constitute a continuing course of conduct, the 'distinct and separate' test should be applied, not as a metaphysical exercise, but with a view toward serving the purposes of the prohibition against duplicity." United States v. Pavloski, 574 F.2d 933, 936 (7th Cir. 1978). "[T]he prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v. Valerio, 48 F.3d 58, 63 (1st Cir.1995). In addition, a duplicity challenge raises the concern that the indictment fails to provide the defendants with adequate notice and may lead to prejudicial evidentiary rulings and due process concerns. None of those concerns are compromised by the decision to charge the course-of-conduct bribery scheme in a single count in this case.

[5] The defendants' argument that sub-section (b) requires a multiple count charge simply misconstrues the role of that element in the statutory scheme. See Duplicity Motion at 5-6. Sub-section (b) requires proof that the relevant government or agency received at least $10,000 in federal funding during a one-year period. 18 U.S.C. § 666(b). It does not bespeak a Congressional intent that a single criminal course of conduct may not be charged under the statute as a single count. Rather, the funding element serves the sole function of providing a "jurisdictional hook" for federal regulation. Sabri, 541 U.S. at 603-07. Other than setting a funding threshold that must be satisfied to trigger the statute, the element has no further connection to the proof that must be adduced at trial. Id. Therefore, it cannot be the case that the question whether a bribery scheme may be charged in a single count turns on whether the duration of the scheme happens to exceed one year. Defendants' view would lead to absurd and artificial results in charging not only cases involving ongoing bribery schemes under the statute, but those addressing misappropriation or embezzlement schemes of significant duration as well.

The Superseding Indictment provides defendants with more than ample notice of the nature of the charges against them. The revisions to the Superseding Indictment specifically incorporate several dozen paragraphs relating the factual history of their dealings with Celona and the theory under which they are being prosecuted. They have notice of the particular legislative matters and student loan program that is at the center of the case. They have notice of the things of value and payments received by Celona, the timing with which they were given, and the alleged corrupt purpose for which they were provided. Given that those paragraphs were apparently sufficiently discursive to satisfy the defendants about the other twenty-two counts in the original Indictment, they are sufficient to apprise them within the notice pleading standards for Count 23. Also, in light of the specificity with which Count 23 is pleaded, there is simply no support for the defendants' claim that conducting a trial involving a single count of federal program bribery, instead of one involving 38 or more additional such counts, will produce a "confused record preventing [the defendants] from pleading double jeopardy." United States v. D'Amico, 496 F.3d 95, 99 (1st Cir. 2007), vacated on other grounds, 2008 WL 423513 (Feb. 19, 2008). The defendants do not argue that a single count charge would create any particular evidentiary problems. See Duplicity Motion at 6. Finally, the Court's instructions on relevant evidentiary rulings, as well as a general unanimity instruction, will sufficiently address any concerns related to including the several payments and acts that compose the charged course of conduct in a single count. United States v. Alsobrook, 620 F.2d 139, 143 (6th Cir. 1980).

In support of their motion, the defendants cite a case from another district, United States v. Tutein, 122 F. Supp. 2d 575 (D.V.I. 2000). The result in that case is factually distinguishable and legally suspect. First, the holding in Tutein depended upon the district court's specific finding that the two bribe offers constituted "two sets of facts." Id. at 578. As such, the court did not treat the two bribes as part of a single course of conduct. As demonstrated above,

however, the bribery-related conduct that is charged in Count 23 is a closely related series of activity, continuous in its operation, involving the same parties and the same object, and cloaked in the same allegedly sham consultation arrangement. The government acted legitimately when charging it as a single course of conduct in a single count, rather than in 38 or more additional counts.

None of the cases on which Tutein relied for its holding actually bar charging bribery in a single count if the scheme is conducted through an interrelated course of conduct. See id. at 578 n.2 (citing cases). Instead, they deal with sufficiency challenges after conviction, treatment at sentencing, and the like. For example, United States v. Karas, 624 F.2d 500 (4th Cir. 1980), involved a defendant's factual sufficiency challenge following conviction by a jury for having engaged in a pattern of racketeering activity. Id. at 504. The Karas court readily rejected his argument that the several bribe payments that constituted the racketeering pattern should have been treated as a single bribe based on an "installment" theory. Id. Given the limited standard of review and the distinct context of that case, the appellate court's result there does not dictate the government's charging decision elsewhere.

The same can be said of other cases relied upon in Tutein. For example, United States v. Anderson, 509 F.2d 312 (D.C. Cir. 1974), upheld the decision of the government to charge separate counts for separate payments under a different statute, there the Taft-Harley Act, over the objection of the defendant that he should have been charged in one count. Id. at 332. Such a result does not mandate that the government must inevitably charge multiple counts (under different statutes involving different facts) simply because a bribery scheme consists of more than one payment or gift.

In short, the Tutein court relied on questionable authority for the proposition it derived. It also apparently did not consider the line of cases, described above, that have rejected duplicity

claims brought against indictments charging multiple acts in a single count where those acts constitute a unified course of conduct or scheme. Tutein is unpersuasive, and this Court should decline to follow its lead.[6]

**CONCLUSION**

The prohibition against duplicitous indictments does not prevent the government from charging multiple payments in a single count so long as there is a reasonably close nexus between the acts such that they constitute a single criminal course of conduct, and so long as the purposes of the prohibition are otherwise adequately addressed. As described above, the First Circuit has in analogous contexts rejected duplicity arguments where multiple acts formed a course of conduct in furtherance of a single, unitary scheme. The caselaw on course-of-conduct

[6] Even if this Court were to accept the defendants' position that Count 23 is duplicitous, the appropriate remedy is dismissal without prejudice. See, e.g., Tutein, 122 F. Supp. 2d at 578 n.3, 581-82 (ordering dismissal of the superseding indictment without ordering that the government would be precluded from refiling, and recognizing that the government may cure the claimed defect in the indictment).

bribery demonstrates that a bribery scheme consisting of multiple payments can also constitute a single criminal offense. For all these reasons, the defendants' duplicity motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov.

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas

DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W., 12th Floor
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2007, I caused the within Government's Memorandum to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Stephen.dambruch@usdoj.gov