UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 07-009ML |
| | : | |
| JOHN KRAMER | : | |
| CARLOS ORTIZ | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHMENT INFORMATION CONTAINED IN PRE-SENTENCE REPORT OF JOHN CELONA**

Introduction

Defendants seek disclosure of all exculpatory and impeachment material and statements of the witness contained in John Celona's pre-sentence report. In furtherance of that request, the defendants ask that the Court conduct an in camera review of the Celona pre-sentence report, or, in the alternative, grant them permission to review the report themselves. The government does not object to the defendants' request for the in camera review of the pre-sentence report by the Court and believes that such a review by the Court, rather than allowing defense counsel access to the report without that screening mechanism in place, protects both the Court's interest in maintaining the confidentiality of pre-sentence reports and the defendants' right to disclosure of exculpatory evidence.

Argument

The Courts are very reluctant to allow a third party access to a defendant's pre-sentence report. That policy is premised on the fear that such disclosure will have a chilling effect on the willingness of people to contribute information that will be included in the report and the need to protect the confidentiality of the report's contents. Therefore, a court will require that the requesting third party demonstrate some special need before providing that party with a copy of another person's pre-sentence report. United States Department of Justice v. Julian, 486 U.S. 1, 12 (1988).

A criminal defendant requesting access to the contents of a third party's pre-sentence report must, in order to demonstrate the requisite special need, specify the information contained within the report that he believes will reveal exculpatory or impeachment information. If the Court is satisfied with that showing, the trial judge should conduct an in camera review of the pre-sentence report. United States v. Trevino, 89 F.3d 187, 190-193 (4th Cir. 1996). The Court must then release any exculpatory or impeachment material it finds within the report to the defendant, while protecting the confidentiality of the remainder of the contents. United States v. Jackson, 978 F.2d 903, 909 (5th Cir. 1993). Only the portions of the pre-sentence report containing the impeachment material should be disclosed to the defendant. The other information contained within the report

must remain confidential. United States v. Anderson, 724 F.2d 596, 598 (7th Cir. 1984).

In the instant case, the defendants primarily rely on selected references to agent notes taken during multiple proffer interviews of John Celona to justify the need for disclosure of Mr. Celona's pre-sentence report. The defendants select for quotation a few passages out of many pages of those rough, non-verbatim notes and assert that these particular excerpts vary from the agents' composite summary of the interviews. They posit that, therefore, the government should have produced the notes voluntarily in addition to the summary report and that the failure to do so suggests misbehavior. The defendants are wrong. Among other failings, their selective quotations distort the notes when reviewed in whole and in context, and their conclusion misapprehends the government's disclosure obligations under Brady and its progeny. They omit that they already had a complete set of notes from John Celona's defense counsel who also attended, and that the government from the outset was willing to provide the notes to this Court to review its internal appraisal of the notes should it wish to do so. Most significantly, however, the debate is irrelevant. Neither the defendants' beliefs, right or wrong, about the extent to which selected passages from the notes are reasonably reflected in the summary report, nor the adequacy of the government's assessment of the legal status of the notes bears on the defendants' claimed special need for the United

States Probation Office's pre-sentence report. However, despite the fact that their arguments fall short of satisfying the burden of establishing the requisite special need, the government does not object to defendants' request for the Court's in camera review of John Celona's pre-sentence report.

Conclusion

For all of the above stated reasons, the government respectfully requests that the Court conduct an in camera review of the document and disclose to the defendants only those portions the Court determines contain exculpatory or impeachment material.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas

DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - Phone
(202) 514-3003 - Fax
Dan.petalas@usdoj.gov

Certificate of Service

I hereby certify that on the 1st day of May, 2008, a copy of the within Government's Response was transmitted by way of the Electronic Case Filing system to the following:

David B. Fein, Esquire (attorney_pad@yahoo.com)

Peter DiBiase, Esquire (dfein@wiggin.com)

Thomas R. Kiley, Esquire (trkiley159@aol.com)

Mark L. Smith, Esquire (lawmls@aol.com)

/s/Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney