**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 07-09-01 MML** |
| | : | |
| **JOHN R. KRAMER and** | : | |
| **CARLOS ORTIZ.** | : | |
| | : | |

**UNITED STATES' PROPOSED FINAL JURY INSTRUCTIONS**

The United States, pursuant to Federal Rule of Criminal Procedure 30, requests that the Court give the following instructions to the jury. The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
stephen.dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W., 12th Fl.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

**INDEX**


**1. CONSPIRACY - ESSENTIAL ELEMENTS**

**2. CONSPIRACY - AGREEMENT**

**3. CONSPIRACY - MEMBERSHIP**

**4. CONSPIRACY - TIME PERIOD**

**5. CONSPIRACY - ACTS AND STATEMENTS OF COCONSPIRATORS**

**6. CONSPIRACY - OVERT ACT**

**7. CONSPIRACY - SUCCESS IMMATERIAL**

**8. MAIL FRAUD - ESSENTIAL ELEMENTS**

**9. MAIL FRAUD - DEFINITION OF SCHEME**

**10. MAIL FRAUD - DEPRIVATION OF HONEST SERVICES**

**11. MAIL FRAUD - DEFINITION OF KNOWING AND WILLFUL**

**12. MAIL FRAUD - INTENT TO DEFRAUD**

**13. MAIL FRAUD – INTENT TO DEPRIVE PUBLIC OF OFFICIAL'S HONEST SERVICES**

**14. MAIL FRAUD – INTENT TO DECEIVE**

**15. PROVING INTENT AND KNOWLEDGE**

**16. MAIL FRAUD – USE OF THE MAILS**

**17. MAIL FRAUD – DEFINITION OF "IN FURTHERANCE OF SCHEME"**

**18. MAIL FRAUD – SUCCESS IMMATERIAL**

**19. MAIL FRAUD – SEPARATE OFFENSES**

**20. MAIL FRAUD - SUMMARY**

**21. FEDERAL PROGRAM BRIBERY: ESSENTIAL ELEMENTS**

**22. FEDERAL PROGRAM BRIBERY -- DEFENDANT GAVE SOMETHING OF VALUE**

**23. FEDERAL PROGRAM BRIBERY – AGENT OR ORGANIZATION**

**24. FEDERAL PROGRAM BRIBERY – DEFENDANT ACTED CORRUPTLY**

**25. FEDERAL PROGRAM BRIBERY – VALUE OF TRANSACTION**

**26. FEDERAL PROGRAM BRIBERY – ORGANIZATION OR GOVERNMENT RECEIVING FEDERAL FUNDS**

**27. ALL COUNTS: WILLFUL BLINDNESS**

**28. COUNTS 2 THROUGH 23: AIDING AND ABETTING**

**1. CONSPIRACY - ESSENTIAL ELEMENTS**

THE DEFENDANTS ARE EACH ACCUSED IN COUNT 1 OF CONSPIRING TO COMMIT A FEDERAL CRIME – SPECIFICALLY, THE CRIME OF MAIL FRAUD. IT IS AGAINST FEDERAL LAW TO CONSPIRE WITH SOMEONE TO COMMIT THIS CRIME.

FOR YOU TO FIND A DEFENDANT GUILTY OF CONSPIRACY, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVEN EACH OF THE FOLLOWING THINGS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE AGREEMENT SPECIFIED IN THE INDICTMENT, AND NOT SOME OTHER AGREEMENT OR AGREEMENTS, EXISTED BETWEEN AT LEAST TWO PEOPLE TO COMMIT MAIL FRAUD;

SECOND, THAT THE DEFENDANT WILLFULLY JOINED IN THAT AGREEMENT; AND

THIRD, THAT ONE OF THE CONSPIRATORS COMMITTED AN OVERT ACT IN AN EFFORT TO FURTHER THE PURPOSE OF THE CONSPIRACY.

First Circuit Pattern Jury Instructions § 4.03 (1998).

**2. CONSPIRACY – AGREEMENT**

IN YOUR CONSIDERATION OF THE CONSPIRACY OFFENSE ALLEGED IN THE INDICTMENT, YOU SHOULD FIRST DETERMINE, FROM ALL OF THE TESTIMONY AND EVIDENCE IN THE CASE, WHETHER OR NOT THE CONSPIRACY EXISTED AS CHARGED.

A CONSPIRACY IS AN AGREEMENT, SPOKEN OR UNSPOKEN. THE CONSPIRACY DOES NOT HAVE TO BE A FORMAL AGREEMENT OR PLAN IN WHICH EVERYONE INVOLVED SAT DOWN TOGETHER AND WORKED OUT ALL THE DETAILS. BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THOSE WHO WERE INVOLVED SHARED A GENERAL UNDERSTANDING ABOUT THE CRIME.

MERE SIMILARITY OF CONDUCT AMONG VARIOUS PEOPLE, OR THE FACT THAT THEY MAY HAVE ASSOCIATED WITH EACH OTHER OR DISCUSSED COMMON AIMS AND INTERESTS DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY, BUT YOU MAY CONSIDER SUCH FACTORS.

Adapted from First Circuit Pattern Jury Instructions, § 4.03 (1998).

## 3. CONSPIRACY – MEMBERSHIP

TO ACT "WILLFULLY" MEANS TO ACT VOLUNTARILY AND INTELLIGENTLY AND WITH THE SPECIFIC INTENT THAT THE UNDERLYING CRIME BE COMMITTED – THAT IS TO SAY, WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW – NOT TO ACT BY IGNORANCE, ACCIDENT OR MISTAKE. THE GOVERNMENT MUST PROVE TWO TYPES OF INTENT BEYOND A REASONABLE DOUBT BEFORE THE DEFENDANT CAN BE SAID TO HAVE WILLFULLY JOINED THE CONSPIRACY: AN INTENT TO AGREE AND AN INTENT, WHETHER REASONABLE OR NOT, THAT THE UNDERLYING CRIME BE COMMITTED. MERE PRESENCE AT THE SCENE OF A CRIME IS NOT ALONE ENOUGH, BUT YOU MAY CONSIDER IT AMONG OTHER FACTORS. INTENT MAY BE INFERRED FROM THE SURROUNDING CIRCUMSTANCES.

PROOF THAT THE DEFENDANT WILLFULLY JOINED IN THE AGREEMENT MUST BE BASED UPON EVIDENCE OF HIS/HER OWN WORDS AND/OR ACTIONS. YOU NEED NOT FIND THAT THE DEFENDANT AGREED SPECIFICALLY TO OR KNEW ABOUT ALL THE DETAILS OF THE CRIME, OR KNEW EVERY OTHER CO-CONSPIRATOR OR THAT HE PARTICIPATED IN EACH ACT OF THE AGREEMENT OR PLAYED A MAJOR ROLE, BUT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT HE KNEW THE ESSENTIAL FEATURES AND GENERAL AIMS OF THE VENTURE. EVEN IF THE DEFENDANT WAS NOT PART OF THE AGREEMENT AT THE VERY START, HE CAN BE FOUND GUILTY OF CONSPIRACY IF THE GOVERNMENT PROVES THAT HE WILLFULLY JOINED THE AGREEMENT LATER.

ON THE OTHER HAND, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT SIMPLY HAPPENS TO ACT IN A WAY THAT FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

First Circuit Pattern Jury Instructions § 4.03 (1998).

**4. CONSPIRACY -- TIME PERIOD**

THE INDICTMENT ALLEGES THAT THE CONSPIRACY CHARGED IN COUNT ONE CONTINUED FROM AT LEAST IN OR ABOUT MAY 1999 THROUGH IN OR ABOUT DECEMBER 2003. IN DETERMINING WHETHER THE DEFENDANTS AND OTHERS CONSPIRED AS CHARGED, YOU NEED NOT FIND THAT THE CONSPIRACY EXISTED DURING THE ENTIRE PERIOD CHARGED. IT IS SUFFICIENT THAT YOU FIND THAT THE CONSPIRACY WAS IN EXISTENCE FOR ANY PERIOD OF TIME WHICH INCLUDED OR WAS WITHIN THE PERIOD ALLEGED IN THE INDICTMENT, AND THAT THE NAMED DEFENDANT WAS A MEMBER OF THE CONSPIRACY DURING THAT PERIOD.

See United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir. 1976);
United States v. Postma, 242 F.2d 488, 496-97 (2d Cir. 1957).

**5. CONSPIRACY -- ACTS AND STATEMENTS OF COCONSPIRATORS**

IN DECIDING WHETHER EACH DEFENDANT WAS A MEMBER OF THE CONSPIRACY, YOU SHOULD FIRST CONSIDER THE EVIDENCE OF THEIR OWN ACTS AND STATEMENTS. IN ADDITION, HOWEVER, YOU SHOULD ALSO CONSIDER ANY OTHER EVIDENCE IN THE CASE AS IT BEARS ON THE ISSUE OF THE DEFENDANT'S MEMBERSHIP. SPECIFICALLY, YOU MAY CONSIDER THE ACTS AND STATEMENTS OF THE OTHER ALLEGED COCONSPIRATORS, EVEN IF THE DEFENDANT WAS NOT PRESENT AT THE TIME THE ACTS WERE DONE OR THE STATEMENTS WERE MADE, IF YOU FIND SUCH ACTS WERE DONE AND SUCH STATEMENTS WERE MADE BY A PERSON WHOM YOU FIND TO BE A MEMBER OF THE CONSPIRACY, DURING THE CONSPIRACY'S EXISTENCE AND IN FURTHERANCE OF ONE OF ITS PURPOSES.

Bourjaily v. United States, 483 U.S. 171, 180-83 (1987);
United States v. Marino, 277 F.3d 11, 25 (1st Cir. 2002);
United States v. Angiulo, 847 F.2d 956, 970-71 (1st Cir. 1988);
United States v. Winter, 663 F.2d 1120, 1141 n.36 (1st Cir. 1981).

**6. CONSPIRACY – OVERT ACT**

AN OVERT ACT IS ANY ACT KNOWINGLY COMMITTED BY ONE OR MORE OF THE CONSPIRATORS IN AN EFFORT TO ACCOMPLISH SOME PURPOSE OF THE CONSPIRACY. ONLY ONE OVERT ACT HAS TO BE PROVEN. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT PERSONALLY COMMITTED OR KNEW ABOUT THE OVERT ACT. IT IS SUFFICIENT IF ONE CONSPIRATOR COMMITTED ONE OVERT ACT AT SOME TIME DURING THE PERIOD OF THE CONSPIRACY.

First Circuit Pattern Jury Instructions § 4.03 (1998).

**7. CONSPIRACY – SUCCESS IMMATERIAL**

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CONSPIRACY SUCCEEDED OR WAS ACHIEVED. THE CRIME OF CONSPIRACY IS COMPLETE UPON THE AGREEMENT TO COMMIT THE UNDERLYING CRIME AND THE COMMISSION OF ONE OVERT ACT.

First Circuit Pattern Jury Instructions § 4.03 (1998).

## 8. MAIL FRAUD -- ESSENTIAL ELEMENTS

EACH DEFENDANT IS CHARGED IN COUNTS 2 THROUGH 22 WITH VIOLATING THE FEDERAL STATUTE MAKING MAIL FRAUD ILLEGAL.

FOR YOU TO FIND A DEFENDANT GUILTY OF MAIL FRAUD, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVEN EACH OF THE FOLLOWING THINGS BEYOND A REASONABLE DOUBT:

FIRST, A SCHEME, SUBSTANTIALLY AS CHARGED IN THE INDICTMENT, TO DEFRAUD.

SECOND, THE DEFENDANT'S KNOWING AND WILLFUL PARTICIPATION IN THIS SCHEME WITH THE INTENT TO DEFRAUD; AND

THIRD, THE USE OF THE UNITED STATES MAIL, ON OR ABOUT THE DATE CHARGED, IN FURTHERANCE OF THIS SCHEME.

First Circuit Pattern Jury Instructions § 4.12 (1998).

**9. MAIL FRAUD - DEFINITION OF SCHEME**

A SCHEME INCLUDES ANY PLAN, PATTERN, OR COURSE OF ACTION. THE TERM "DEFRAUD" MEANS TO DEPRIVE ANOTHER OF SOMETHING OF VALUE BY MEANS OF DECEPTION OR CHEATING. A SCHEME TO DEFRAUD IS ORDINARILY ACCOMPANIED BY A DESIRE OR PURPOSE TO BRING ABOUT SOME GAIN OR BENEFIT TO ONESELF OR SOME OTHER PERSON OR BY A DESIRE OR PURPOSE TO CAUSE SOME LOSS TO SOME PERSON.

THE TERM "SCHEME TO DEFRAUD" INCLUDES A SCHEME TO DEPRIVE THE PUBLIC OF THE INTANGIBLE RIGHT OF HONEST SERVICES. THIS INTANGIBLE RIGHT INCLUDES THE PUBLIC'S RIGHT TO THE HONEST SERVICES OF THEIR GOVERNMENT OFFICIALS.

Adapted from First Circuit Pattern Jury Instructions § 4.12 (1998).
See 18 U.S.C. § 1346; United States v. Sawyer, 85 F.3d 713, 723-24 (1st Cir. 1996);
United States v. Allard, 926 F.2d 1237, 1242 (1st Cir. 1991).

**10. MAIL FRAUD – DEPRIVATION OF HONEST SERVICES**

THE PUBLIC CAN BE DEPRIVED OF THE HONEST SERVICES OF A PUBLIC OFFICIAL IN VARIOUS WAYS. FOR EXAMPLE, A PUBLIC OFFICIAL MAY BE INFLUENCED OR OTHERWISE IMPROPERLY AFFECTED IN THE PERFORMANCE OF HIS DUTIES, OR THE OFFICIAL CAN FAIL TO DISCLOSE A CONFLICT OF INTEREST RESULTING IN PERSONAL GAIN. THE COMMON FEATURE OF ANY SUCH SCHEME IS AN INTENT ON THE PART OF A PARTICIPANT IN THE SCHEME THAT A PUBLIC OFFICIAL MAKE A DECISION BASED UPON HIS PERSONAL INTERESTS. THE PUBLIC CAN BE DEPRIVED OF HONEST SERVICES EVEN IF THERE IS NO TANGIBLE LOSS TO THE PUBLIC.

United States v. Sawyer, 239 F.3d 31, 40 (1st Cir. 2001);
United States v. Sawyer, 85 F.3d 713, 724 (1st Cir. 1996).

**11. MAIL FRAUD -- DEFINITION OF KNOWING AND WILLFUL**

AS I HAVE STATED, THE MAIL FRAUD STATUTE REQUIRES THAT THE DEFENDANT KNOWINGLY AND WILLFULLY PARTICIPATED IN THE SCHEME WITH THE INTENT TO DEFRAUD.

THE DEFENDANT ACTED “KNOWINGLY” IF HE WAS CONSCIOUS AND AWARE OF HIS ACTIONS, REALIZED WHAT HE WAS DOING OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE OR ACCIDENT.

AN ACT OR FAILURE TO ACT IS “WILLFUL” IF DONE VOLUNTARILY AND INTENTIONALLY, AND WITH THE SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS, OR WITH SPECIFIC INTENT TO FAIL TO DO SOMETHING THE LAW REQUIRES TO BE DONE; THAT IS TO SAY, WITH BAD PURPOSE EITHER TO DISOBEY OR TO DISREGARD THE LAW.

IF A DEFENDANT ACTED IN GOOD FAITH, HE CANNOT BE GUILTY OF THE CRIME OF MAIL FRAUD. THE BURDEN TO PROVE INTENT, AS WITH ALL OTHER ELEMENTS OF THE CRIME, RESTS WITH THE GOVERNMENT.

First Circuit Pattern Jury Instructions § 4.12 (1998).

**12. MAIL FRAUD - INTENT TO DEFRAUD**

I HAVE JUST DEFINED FOR YOU THE TERMS “KNOWINGLY” AND “WILLFULLY.” THE GOVERNMENT MUST ALSO PROVE THAT THE DEFENDANT ACTED WITH THE INTENT TO DEFRAUD.

TO ACT WITH “INTENT TO DEFRAUD” MEANS TO ACT WILLFULLY AND WITH THE SPECIFIC INTENT TO DECEIVE OR CHEAT FOR THE PURPOSE OF EITHER CAUSING SOME FINANCIAL LOSS TO ANOTHER OR BRINGING ABOUT SOME FINANCIAL GAIN TO ONESELF.

BECAUSE THE INDICTMENT CHARGES A SCHEME TO DEFRAUD THE PUBLIC OF THE INTANGIBLE RIGHT TO A PUBLIC OFFICIAL’S HONEST SERVICES, IN ORDER TO PROVE “INTENT TO DEFRAUD” IN THIS CASE THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD TWO KINDS OF INTENT:

FIRST, THAT THE DEFENDANT INTENDED TO DEPRIVE THE PUBLIC OF THE OFFICIAL’S HONEST SERVICES, AND

SECOND, THAT THE DEFENDANT INTENDED TO DECEIVE THE PUBLIC WITH RESPECT TO THE DEFENDANT’S CONDUCT.

THE INTENT TO DEPRIVE THE PUBLIC OF HONEST SERVICES AND THE INTENT TO DECEIVE THE PUBLIC MAY BOTH BE PROVEN BY CIRCUMSTANTIAL EVIDENCE.

Adapted from First Circuit Pattern Jury Instructions § 4.12 (1998).
See United States v. Sawyer, 239 F.3d 31, 41, 46-47 (1st Cir. 2001);
United States v. Woodward, 149 F.3d 46, 57 (1st Cir. 1998).

**13. MAIL FRAUD - INTENT TO DEPRIVE PUBLIC OF OFFICIAL'S HONEST SERVICES**

I WILL NOW INSTRUCT YOU REGARDING THOSE TWO TYPES OF INTENT.

THE GOVERNMENT MAY PROVE THE FIRST KIND OF INTENT -- THAT THE DEFENDANT INTENDED TO DEPRIVE THE PUBLIC OF THE OFFICIAL'S HONEST SERVICES -- IN SEVERAL WAYS.

FOR EXAMPLE, THE GOVERNMENT MAY PROVE THAT THE DEFENDANT INTENDED TO INFLUENCE OR OTHERWISE IMPROPERLY AFFECT THE OFFICIAL'S PERFORMANCE OF DUTIES, OR THAT THE DEFENDANT INTENDED FOR THE PUBLIC OFFICIAL TO FAIL TO DISCLOSE A CONFLICT OF INTEREST. IN PROVING THAT THE DEFENDANT INTENDED TO INFLUENCE OR OTHERWISE IMPROPERLY AFFECT THE OFFICIAL'S PERFORMANCE OF DUTIES, THE GOVERNMENT NEED NOT SHOW THAT THE DEFENDANT INTENDED THAT THE OFFICIAL TAKE, OR FAIL TO TAKE, ANY SPECIFIC OFFICIAL ACTION.

See United States v. Sawyer, 239 F.3d 31, 41, 46-47 (1st Cir. 2001);
United States v. Sawyer, 85 F.3d 713, 724, 729 (1st Cir. 2001).

**14. MAIL FRAUD - INTENT TO DECEIVE**

THE GOVERNMENT MAY PROVE THE SECOND KIND OF INTENT – THAT THE DEFENDANT INTENDED TO DECEIVE THE PUBLIC CONCERNING HIS CONDUCT – EITHER THROUGH THE DEFENDANT'S OWN ACTS OF DECEPTION TOWARDS THE PUBLIC OR THE DEFENDANT'S EFFORTS TO ENSURE THE OFFICIAL DECEIVED THE PUBLIC WITH RESPECT TO PAYMENTS TO THE OFFICIAL.

EVIDENCE THAT THE DEFENDANT INTENDED TO CAUSE THE OFFICIAL INTENTIONALLY TO FAIL TO DISCLOSE MATERIAL INFORMATION ABOUT PAYMENTS TO THAT OFFICIAL IS SUFFICIENT TO SHOW THAT THE DEFENDANT INTENDED THAT THE PUBLIC BE DECEIVED WITH RESPECT TO THE DEFENDANT'S ALLEGED PAYMENTS TO THE OFFICIAL.

UNDER THIS ELEMENT, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT INTENDED TO DECEIVE THE PUBLIC ABOUT THE PAYMENTS TO CELONA. THUS, PROOF THAT CELONA ACTED UNDER A MATERIAL CONFLICT OF INTEREST ALONE IS NOT SUFFICIENT TO PROVE HONEST SERVICES MAIL FRAUD UNLESS YOU ALSO CONCLUDE THAT THE DEFENDANT INTENDED FOR ANY SUCH CONFLICT TO BE CONCEALED FROM THE PUBLIC.

AT BOTTOM, THE GOVERNMENT MUST PRESENT SUFFICIENT EVIDENCE TO ESTABLISH DEFENDANT'S INTENT THAT THE PUBLIC BE DECEIVED WITH RESPECT TO PAYMENTS TO THE PUBLIC OFFICIAL.

United States v. Sawyer, 239 F.3d 31, 48-49 (1st Cir. 2001);
United States v. Urciuoli, 513 F.3d 290, 298-99 (1st Cir. 2008).

**15. PROVING INTENT AND KNOWLEDGE**

INTENT OR KNOWLEDGE MAY NOT ORDINARILY BE PROVEN DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND. IN DETERMINING WHAT THE DEFENDANT KNEW OR INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE OR OMITTED BY THE DEFENDANT AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE THAT MAY AID IN YOUR DETERMINATION OF THE DEFENDANT'S KNOWLEDGE OR INTENT. YOU MAY INFER, BUT YOU CERTAINLY ARE NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS ARE PROVEN BY THE EVIDENCE RECEIVED DURING THIS TRIAL.

First Circuit Pattern Jury Instruction 4.12 (1998).

**16. MAIL FRAUD – USE OF THE MAILS**

FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT USED THE MAILS IN FURTHERANCE OF THE SCHEME, IT DOES NOT HAVE TO SHOW THAT THE MAILINGS THEMSELVES WERE ESSENTIAL TO THE SCHEME. THERE IS NO REQUIREMENT THAT THE DEFENDANT HIMSELF WAS RESPONSIBLE FOR THE MAILINGS. IN FACT, THE DEFENDANT NEED NOT ACTUALLY INTEND, AGREE TO, OR EVEN KNOW OF A SPECIFIC MAILING, PROVIDED THAT USE OF A MAILING WAS REASONABLY FORESEEABLE.

United States v. Sawyer, 239 F.3d 31, 40 (1st Cir. 2001);
United States v. Woodward, 149 F.3d 46, 63 (1st Cir. 1998).

**17. MAIL FRAUD -- DEFINITION OF "IN FURTHERANCE OF SCHEME"**

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT A DEFENDANT SENT A MAILING TO COMPLETE OR IMPLEMENT THE SCHEME TO DEFRAUD. ALL THAT IS REQUIRED IS THAT THE DEFENDANT CAUSED A MAILING TO BE SENT INTENDING TO FURTHER THE SCHEME. IT IS NOT NECESSARY THAT THE MAILING GUARANTEE THE SUCCESS OF THE SCHEME, OR EVEN SIGNIFICANTLY ADVANCE IT. THE MAILING NEED ONLY BE INCIDENT TO AN ESSENTIAL PART OF THE SCHEME, OR A STEP IN THE PLOT.

United States v. Serino, 835 F.2d 924, 928 (1st Cir. 1987);
Schmuck v. United States, 489 U.S. 705, 710-11 (1989).

**18. MAIL FRAUD - SUCCESS IMMATERIAL**

THE GOVERNMENT NEED NOT PROVE THAT THE SCHEME WAS SUCCESSFULLY CARRIED OUT. NOR IS THE GOVERNMENT REQUIRED TO PROVE THAT THE SCHEME WAS CAPABLE OF SUCCESS. IT IS IRRELEVANT WHETHER THE PUBLIC OFFICIAL WOULD HAVE ACTED AS HE DID REGARDLESS OF THE PAYMENTS. IT IS EQUALLY IRRELEVANT THAT HIS EFFORTS IN FURTHERANCE OF THE SCHEME TO DEFRAUD ULTIMATELY FAILED. THE GOVERNMENT NEED ONLY SHOW THAT THE DEPRIVATION OF HONEST SERVICES OF A PUBLIC OFFICIAL WAS CONTEMPLATED BY THE SCHEMER.

ALSO, YOU MAY NOT CONSIDER THE MERITS OF THE LEGISLATION OR OTHER OFFICIAL ACTION THAT THE SCHEME TARGETS WHEN DECIDING IF THE GOVERNMENT HAS MET ITS BURDEN. THE MERITS OF THE OFFICIAL ACT IS IRRELEVANT TO THE CHARGES IN THIS CASE. FURTHER, IF YOU DECIDE THAT THE DEFENDANT KNOWINGLY AND WILFULLY PARTICIPATED IN THE CHARGED SCHEME, IT IS NO DEFENSE THAT THE DEFENDANT WAS "FOLLOWING ORDERS."

United States v. Lopez-Lukis, 102 F.3d 1164, 1169 n.13 (11th Cir. 1997)
United States v. Jordan, 112 F.3d 14, 19 (1st Cir. 1997);
United States v. Sawyer, 85 F.3d 713, 725 (1st Cir. 1996);
United States v. D'Amato, 39 F.3d 1249, 1257 (2d Cir. 1994);
United States v. Sancho, 957 F. Supp. 39, 43 (S.D.N.Y. 1997),
aff'd, 157 F.3d 918 (2d Cir. 1998).

**19. MAIL FRAUD - SEPARATE OFFENSES**

EACH SEPARATE MAILING IN FURTHERANCE OF A SCHEME TO DEFRAUD IS A SEPARATE OFFENSE. FOR EXAMPLE, IF TWENTY-TWO MAILINGS WERE SENT, EVEN THOUGH THERE WAS ONLY ONE SCHEME TO DEFRAUD, THAT CONSTITUTES TWENTY-TWO SEPARATE MAIL FRAUD OFFENSES IF YOU FIND THAT THE GOVERNMENT PROVED EACH ELEMENT OF THE MAIL FRAUD OFFENSES BEYOND A REASONABLE DOUBT.

**20. MAIL FRAUD - SUMMARY**

TO SUMMARIZE, TO FIND THE DEFENDANTS GUILTY OF MAIL FRAUD, IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE ALL OF THE DETAILS ALLEGED IN THE INDICTMENT CONCERNING THE PRECISE NATURE AND PURPOSE OF THE SCHEME OR THAT THE MATERIAL TRANSMITTED BY MAIL WAS ITSELF FALSE OR FRAUDULENT OR THAT THE ALLEGED SCHEME ACTUALLY SUCCEEDED IN DEFRAUDING ANYONE OR THAT THE USE OF THE MAIL WAS INTENDED AS THE SPECIFIC OR EXCLUSIVE MEANS OF ACCOMPLISHING THE ALLEGED FRAUD.

WHAT MUST BE PROVEN BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY DEVISED OR INTENDED TO DEVISE A SCHEME TO DEFRAUD THAT WAS SUBSTANTIALLY THE SAME AS THE ONE ALLEGED IN THE INDICTMENT, AND THAT THE USE OF THE MAIL ON OR ABOUT THE DATE ALLEGED WAS CLOSELY RELATED TO THE SCHEME BECAUSE THE DEFENDANT EITHER RECEIVED SOMETHING IN THE MAIL OR CAUSED IT TO BE MAILED IN AN ATTEMPT TO EXECUTE OR CARRY OUT THE SCHEME.

Adapted from First Circuit Pattern Jury Instructions § 4.12 (1998).

**21. FEDERAL PROGRAM BRIBERY: ESSENTIAL ELEMENTS**

COUNT 23 OF THE INDICTMENT CHARGES BOTH DEFENDANTS WITH BRIBERY RELATING TO AN ORGANIZATION OR GOVERNMENT WHICH RECEIVES FEDERAL FUNDS. IN ORDER TO PROVE A DEFENDANT GUILTY OF THIS CHARGE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT THE DEFENDANT OFFERED, GAVE, OR AGREED TO GIVE SOME THING OF VALUE TO JOHN CELONA;

SECOND, THAT JOHN CELONA WAS AN AGENT OF A STATE GOVERNMENT OR AGENCY THEREOF;

THIRD, THAT THE DEFENDANT ACTED CORRUPTLY, WITH THE INTENT, AT LEAST IN PART, TO INFLUENCE OR REWARD JOHN CELONA IN CONNECTION WITH SOME BUSINESS, TRANSACTION, OR SERIES OF TRANSACTIONS WITH THE GOVERNMENT OR AGENCY;

FOURTH, THAT THE BUSINESS, TRANSACTION, OR SERIES OF TRANSACTIONS INVOLVED ANYTHING OF A VALUE OF $5,000 OR MORE; AND

FIFTH, THAT THE GOVERNMENT OR AGENCY, IN A ONE-YEAR PERIOD, RECEIVED BENEFITS OF MORE THAN $10,000 UNDER ANY FEDERAL PROGRAM

INVOLVING A GRANT, CONTRACT, SUBSIDY, LOAN, GUARANTEE, INSURANCE, OR OTHER ASSISTANCE.

I WILL EXPLAIN EACH OF THESE ELEMENTS IN MORE DETAIL.

18 U.S.C. § 666(a)(2), (b).
See United States v. Castro, 89 F.3d 1443, 1454 (11th Cir. 1996);
Eighth Cir. Model Crim. Jury Instr. ¶ 6.18.666C at 179-80 (2008);
Seventh Cir. Pattern Crim. Jury Instr. at 178 (1998) (instruction for § 666(a)(1)(B));
Eleventh Cir. Pattern Crim. Jury Instr. ¶ 24 at 180-81 (2003) (instruction for § 666(a)(1)(B));
United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993).

**22. FEDERAL PROGRAM BRIBERY– DEFENDANT GAVE SOMETHING OF VALUE**

THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT GAVE, OR AGREED TO GIVE, OR OFFERED SOMETHING OF VALUE TO JOHN CELONA AS ALLEGED IN THE INDICTMENT.

THE STATUTE MAKES NO DISTINCTION BETWEEN OFFERING OR GIVING A BRIBE. THE MERE OFFER OF A BRIBE IS JUST AS MUCH A VIOLATION OF THE STATUTE AS THE ACTUAL GIVING OF ONE.

Adapted from 1 Leonard B. Sand et al.,
Modern Federal Jury Instructions—Criminal ¶ 27A-19 (2007).

**23. FEDERAL PROGRAM BRIBERY—AGENT OF ORGANIZATION**

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT, AT THE TIME ALLEGED IN THE INDICTMENT, JOHN CELONA WAS AN AGENT OF THE STATE OF RHODE ISLAND.

AN "AGENT" IS A PERSON AUTHORIZED TO ACT ON BEHALF OF ANOTHER PERSON, ORGANIZATION OR GOVERNMENT. ELECTED OFFICIALS ARE AGENTS OF THE GOVERNMENT TO WHICH THEY WERE ELECTED TO SERVE. A PERSON MAY BE AN AGENT OF MORE THAN ONE GOVERNMENT AGENCY.

Adapted from 1 Leonard B. Sand et al.,
Modern Federal Jury Instructions—Criminal ¶ 27A-17 (2007).

**24. FEDERAL PROGRAM BRIBERY—DEFENDANT ACTED CORRUPTLY**

THE THIRD ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THE DEFENDANT ACTED CORRUPTLY, WITH THE INTENT, AT LEAST IN PART, TO INFLUENCE OR REWARD JOHN CELONA IN CONNECTION WITH SOME BUSINESS, TRANSACTION, OR SERIES OF TRANSACTIONS WITH THE GOVERNMENT OR AGENCY.

TO ACT CORRUPTLY MEANS SIMPLY TO ACT VOLUNTARILY AND INTENTIONALLY WITH AN IMPROPER MOTIVE OR PURPOSE TO INFLUENCE OR REWARD THE RECIPIENT'S ACTIONS. THIS INVOLVES CONSCIOUS WRONGDOING, OR AS IT SOMETIMES BEEN EXPRESSED, A BAD OR EVIL STATE OF MIND.

IN CONSIDERING THIS ELEMENT, REMEMBER THAT IT IS THE DEFENDANT'S INTENT AT LEAST IN PART TO INFLUENCE THE RECIPIENT'S ACTIONS WHICH IS IMPORTANT, NOT THE SUBSEQUENT ACTIONS OF THE RECIPIENT OR THE ORGANIZATION OR GOVERNMENT. THUS, THE GOVERNMENT DOES NOT HAVE TO PROVE THAT JOHN CELONA ACCEPTED THE BRIBE OFFER OR THAT THE BRIBE ACTUALLY INFLUENCED THE FINAL DECISION OF THE GOVERNMENT. IT IS NOT EVEN NECESSARY THAT JOHN CELONA HAD THE AUTHORITY TO PERFORM THE ACT WHICH THE DEFENDANT SOUGHT.

ALSO, IF YOU FIND THAT THE DEFENDANT ACTED WITH THE INTENT TO REWARD JOHN CELONA FOR A DECISION ALREADY MADE, IT DOES NOT MATTER THAT THE PAYMENT WAS NOT MADE OR OFFERED UNTIL AFTER THE BUSINESS OR TRANSACTION OCCURRED.

Adapted from 1 Leonard B. Sand et al.,
Modern Federal Jury Instructions—Criminal ¶ 27A-20 (2007).

**25. FEDERAL PROGRAM BRIBERY—VALUE OF TRANSACTION**

THE FOURTH ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE VALUE OF THE TRANSACTION TO WHICH THE PAYMENT RELATED WAS AT LEAST $5,000.

TO ESTABLISH THIS ELEMENT, THE GOVERNMENT MUST PROVE THAT DEFENDANT INTENDED TO INFLUENCE OR REWARD THE RECIPIENT IN CONNECTION WITH ANY BUSINESS OR TRANSACTION OR SERIES OF TRANSACTIONS OF THE ORGANIZATION OR GOVERNMENT AGENCY INVOLVING ANYTHING OF VALUE OF $5,000 OR MORE. IF YOU FIND THAT THE BUSINESS OR TRANSACTION IN QUESTION HAD A VALUE OF AT LEAST $5,000, THIS ELEMENT IS SATISFIED.

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT PAID OR OFFERED AT LEAST $5,000. IT IS THE VALUE OF THE BUSINESS OR TRANSACTION THAT THE BRIBE WAS INTENDED TO INFLUENCE OR REWARD THAT IS IMPORTANT FOR THE PURPOSES OF THIS ELEMENT. HOWEVER, YOU MAY DETERMINE THE VALUE OF THE BUSINESS OR TRANSACTIONS BASED ON THE AMOUNT OF THE PAYMENT THAT WAS RECEIVED.

Adapted from 1 Leonard B. Sand et al.,
Modern Federal Jury Instructions—Criminal ¶ 27A-20 (2007).
See United States v. Fernandes, 272 F.3d 938 (7th Cir. 2001);
United States v. Zwick, 199 F.3d 672, 689 (3d Cir. 1999);
United States v. Marmolejo, 89 F.3d 1185, 1194 (5th Cir. 1996).

**26. FEDERAL PROGRAM BRIBERY—ORGANIZATION OR GOVERNMENT RECEIVED FEDERAL FUNDS**

THE FIFTH AND FINAL ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT, IN A ONE-YEAR PERIOD, THE STATE OF RHODE ISLAND RECEIVED FEDERAL BENEFITS IN EXCESS OF $10,000.

TO PROVE THIS ELEMENT, THE GOVERNMENT MUST ESTABLISH THAT THE STATE OF RHODE ISLAND RECEIVED, DURING A ONE-YEAR PERIOD (BEGINNING ON 1, 1999), BENEFITS IN EXCESS OF $10,000 UNDER A FEDERAL PROGRAM INVOLVING A GRANT, CONTRACT, SUBSIDY, LOAN, GUARANTEE, INSURANCE, OR SOME OTHER FORM OF FEDERAL ASSISTANCE. THIS DOES NOT INCLUDE LEGITIMATE, VALID, BONA FIDE SALARY, WAGES, FEES, OR OTHER COMPENSATION PAID OR EXPENSES PAID OR REIMBURSED IN THE ORDINARY COURSE OF BUSINESS.

THE GOVERNMENT DOES NOT HAVE TO PROVE THAT JOHN CELONA HAD THE AUTHORITY TO ADMINISTER THOSE FEDERAL BENEFITS.

Adapted from 1 Leonard B. Sand et al.,
Modern Federal Jury Instructions—Criminal ¶ 27A-18 (2007).

**27. ALL COUNTS: WILLFUL BLINDNESS**

IN DECIDING WHETHER A DEFENDANT ACTED KNOWINGLY -- A REQUIREMENT OF FINDING A DEFENDANT GUILTY OF CONSPIRACY, MAIL FRAUD, AND BRIBERY -- YOU MAY INFER THAT A DEFENDANT HAD KNOWLEDGE OF A FACT IF YOU FIND THAT HE DELIBERATELY CLOSED HIS EYES TO A FACT THAT OTHERWISE WOULD HAVE BEEN OBVIOUS TO HIM. IN ORDER TO INFER KNOWLEDGE, YOU MUST FIND THAT TWO THINGS HAVE BEEN ESTABLISHED: FIRST, THAT THE DEFENDANT WAS AWARE OF A HIGH PROBABILITY OF THE FACT IN QUESTION; SECOND, THAT THE DEFENDANT CONSCIOUSLY AND DELIBERATELY AVOIDED LEARNING OF THE FACT. THAT IS TO SAY, THE DEFENDANT WILLFULLY MADE HIMSELF BLIND TO THAT FACT.

IT IS ENTIRELY UP TO YOU TO DETERMINE WHETHER THE DEFENDANT DELIBERATELY CLOSED HIS EYES TO THE FACT, AND IF SO, WHAT INFERENCE, IF ANY, SHOULD BE DRAWN. IT IS IMPORTANT TO BEAR IN MIND, HOWEVER, THAT MERE NEGLIGENCE OR MISTAKE IN FAILING TO LEARN THE FACT IS NOT SUFFICIENT. TO FIND WILLFUL BLINDNESS OF A FACT, YOU MUST FIND A DELIBERATE EFFORT TO REMAIN IGNORANT TO THAT FACT.

Adapted from First Circuit Pattern Jury Instruction § 2.14 (1998).
See United States v. Lizardo, 445 F.3d 73, 84-85 (1st Cir.2006)
(upholding willfull blindness instruction).

**28. COUNTS 2 THROUGH 23: AIDING AND ABETTING**

IN ADDITION TO CHARGING THE DEFENDANTS IN THIS CASE AS BEING PRINCIPALLY LIABLE, THE INDICTMENT ALSO CHARGES EACH DEFENDANT WITH A VIOLATION OF 18 U.S.C. § 2, OR AIDING AND ABETTING THE CRIMES OF MAIL FRAUD AND BRIBERY IN COUNTS 2 THROUGH 23.

TO "AID AND ABET" MEANS INTENTIONALLY TO HELP SOMEONE ELSE COMMIT A CRIME. TO ESTABLISH AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, THAT SOMEONE ELSE COMMITTED THE CHARGED CRIME, AND

SECOND, THE DEFENDANT WILLFULLY ASSOCIATED HIMSELF IN SOME WAY WITH THE CRIME AND WILLFULLY PARTICIPATED IN IT AS HE WOULD IN SOMETHING HE WISHED TO BRING ABOUT.

THIS MEANS THAT THE GOVERNMENT MUST PROVE THAT THE DEFENDANT CONSCIOUSLY SHARED THE OTHER PERSON'S KNOWLEDGE OF THE UNDERLYING CRIMINAL ACT AND INTENDED TO HELP HIM. THE DEFENDANT NEED NOT PERFORM THE UNDERLYING CRIMINAL ACT, BE PRESENT WHEN IT IS PERFORMED, OR BE AWARE OF THE DETAILS OF ITS EXECUTION TO BE GUILTY OF AIDING AND ABETTING. BUT A GENERAL SUSPICION THAT AN UNLAWFUL ACT MAY OCCUR OR THAT SOMETHING CRIMINAL IS HAPPENING IS NOT ENOUGH. MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE ALSO NOT SUFFICIENT TO ESTABLISH AIDING AND ABETTING.

AN ACT IS DONE "WILLFULLY" IF DONE VOLUNTARILY AND INTENTIONALLY WITH THE INTENT THAT SOMETHING THE LAW FORBIDS BE

DONE—THAT IS TO SAY WITH BAD PURPOSE, EITHER TO DISOBEY OR DISREGARD THE LAW.

First Circuit Pattern Jury Instruction § 4.02 (1998).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2008, I caused the within Government's Proposed Final Jury Instructions to be filed electronically and that it is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney