**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------x
UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: May 8, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :
---------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO EXCLUDE LAY OPINION TESTIMONY AND EVIDENCE OF WITNESS' REACTIONS TO THE CONSULTING AGREEMENT**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in support of their motion to exclude lay opinion testimony and evidence of witness' reactions to the consulting agreement.

The government may attempt to offer evidence and elicit testimony from witnesses regarding their personal opinions and reactions upon learning of the consulting agreement between CVS and John Celona. For the reasons discussed below, such evidence should be precluded.

Any expression of a witness's emotional state upon learning of the consulting agreement is simply irrelevant. The emotional state of a witness upon learning of CVS's consulting agreement with Celona has no bearing on any of the ultimate issues to be decided by the jury in this case, most importantly, Kramer and Ortiz's state of mind. See Fed. R. Evid. 401.

Any expression of opinion by a lay witness regarding the consulting agreement is inadmissible pursuant to Rule 701 of the Federal Rules of Evidence, which provides that opinion testimony by lay witnesses is inadmissible unless the opinion or inference is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Id. A lay witness's opinion about the Celona consulting agreement necessarily fails this test. Such testimony is not predicated on concrete facts within the witness's own observation and recollection; rather, such testimony is merely a conclusion drawn from such perceptions about the agreement. See Fed. R. Evid. 701 advisory committee's note (noting that Rule 701 requires "firsthand knowledge or observation"). Nor can a lay witness's opinion about the consulting agreement be "helpful in resolving issues," Fed. R. Evid. 701 advisory committee's note, because such an opinion about the consulting agreement

merely answers the very question that the jury is to consider. See Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 701.06 (testimony whose "sole function is to answer the same question that the trier of fact is to consider in its deliberations . . . may be excluded as unhelpful").

Furthermore, the minimal probative value of any testimony regarding a witness's response to the consulting agreement or a witness's opinion about the agreement is substantially outweighed by the danger that such testimony will unfairly prejudice the defendants, confuse the issues, and mislead the jury by suggesting improperly that simply because a witness had a low opinion of the agreement, the consulting relationship with Celona was somehow unlawful. See United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005) ("Evidence is generally deemed unfairly prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis.").

## CONCLUSION

For all of the reasons stated above, the Court should issue an Order precluding the government from offering lay opinion testimony and evidence of witness' reactions to the consulting agreement.

Date: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

**CERTIFICATE OF SERVICE**

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov

- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

- **Peter Sprung**
  peter.sprung@usdoj.gov

- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov