**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 8, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO EXCLUDE EVIDENCE OF SUBSEQUENT ACTIONS TAKEN AT CVS**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in support of their motion to exclude evidence of subsequent actions taken at CVS.

The defendants respectfully request that the government be precluded from offering evidence regarding actions taken at CVS after the alleged conspiracy ended. For example, the government may seek to introduce evidence concerning the defendants' having been placed on a leave of absence from their positions at CVS during this investigation. Whatever actions CVS may have taken after the fact are wholly irrelevant to whether the defendants committed the acts alleged in the Indictment. See United States v. Reeder, 170 F.3d 93, 107 (1st Cir. 1999) (noting that exclusion was proper where evidence of "elaborate accounting transactions" undertaken after the fact was "irrelevant to [defendant's] state of mind at the time that he misappropriated [funds]"); United States v. Wilson, 798 F.2d 509, 516 (1st Cir. 1986) (noting that "it is not required that post-indictment evidence be admitted, and like all evidence, it must survive threshold challenges to relevancy") (emphasis in original); United States v. Gordon, 634 F.2d 639, 644 (1st Cir. 1980) (holding that district court did not err in excluding testimony regarding "matters two years after the matter at issue, and with regard to a transaction totally different from that covered in the trial"). Such evidence has no relevance to proving the allegations and charges in the Indictment.

In any event, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice and confusion of the issues. See Reeder, 170 F.3d at 108 (holding that "the district court did not exceed its discretion in determining that the relevance of that testimony [of elaborate after-the-fact accounting transactions] was substantially outweighed by the confusion it would bring to the case"); United States v. Wade, 203 Fed. App. 920, 929 (10th Cir. 2006) (affirming trial court's exclusion of evidence of defendant's accountant's after-the-fact conduct

from tax evasion trial because "we fail to see how the attempts to settle defendant's tax debt after the charged offenses are relevant to his conduct beforehand"). In particular, evidence of the defendants' leave of absence would unfairly prejudice the defendants to a degree that substantially outweighs any probative value such evidence might have, by leading jurors to the improper conclusion that the defendants must have done something wrong, otherwise they would not have been placed on leave. This presents a grave danger that the defendants will be convicted on grounds wholly unrelated to the offenses charged in the Indictment. See United States v. Aguilar-Aranceta, 58 F.3d 796, 801 (1st Cir. 1995) (reversing conviction where "the most powerful inference that the jury was likely to make . . . is also the forbidden one").

## CONCLUSION

For all of the reasons stated above, the Court should issue an Order precluding the government from offering evidence of subsequent actions taken at CVS.

Date: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase______________
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600

(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith____________
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

**CERTIFICATE OF SERVICE**

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov

- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

- **Peter Sprung**
  peter.sprung@usdoj.gov

- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov