**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 8, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO ADMIT EVIDENCE IMPEACHING GOVERNMENT WITNESS JOHN CELONA**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in support of their Motion in Limine to Admit Evidence Impeaching Government Witness John Celona.

John Celona's testimony, and thus his credibility, will be critical to the government's case. The defendants intend to impeach Celona with his own statements pursuant to three appropriate theories: (a) prior inconsistent statements; (b) impeachment by contradiction; and (c) bias.

**A. Impeachment by Prior Inconsistent Statements**

Defendants expect to impeach Celona with his prior inconsistent statements as recorded in his many statements to law enforcement authorities, and as recalled in the testimony of law enforcement agents who took notes at Celona's interviews with the government. As demonstrated below, such impeachment is entirely proper.

Rule 613(b) of the Federal Rules of Evidence permits impeachment by prior inconsistent statements when a statement made at trial is irreconcilably at odds with a statement previously made by the witness. See United States v. Pridgen, 518 F.3d 87, 90–91 (1st Cir. 2008) (holding that defense should have been permitted to introduce extrinsic evidence of prior statements where witness's description of assailant was inconsistent with description witness had given earlier to defense investigator). In such circumstances, "the cross examiner is permitted to show the discrepancy by extrinsic evidence if necessary -- not to demonstrate which of the two is true, but, rather, to show that the two do not jibe and thus calling the declarant's credibility into question." United States v. Winchenbach, 197 F.3d 548, 558 (1st Cir. 1999). Accordingly, pursuant to Rule 613(b), the defense should be permitted to impeach John Celona using extrinsic evidence of prior inconsistent statements by Celona.

**B. Impeachment by Contradiction**

The defendants respectfully request that they be permitted, during both cross-examination and the defense case, to offer evidence and testimony that contradicts material testimony offered by the government's witness, John Celona. Although extrinsic evidence of specific instances of conduct may not be used for purposes of impeachment, see Fed. R. Evid. 608(b), the impeachment by contradiction doctrine provides that extrinsic evidence is admissible to contradict a witness's testimony "when [the evidence] satisfies the Rule 403 balancing test and is not barred by any other rule of evidence." Fryar v. Curtis, 485 F.3d 179, 184 (1st Cir. 2007); see also United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) ("Impeachment by contradiction is a recognized mode of impeachment . . . governed by . . . common-law principles") (emphasis in original); 2A Wright & Gold, Federal Practice and Procedure, § 6119 at 116–17 (1993) (noting that impeachment by contradiction doctrine "has been justified on the grounds that the witness should not be permitted to engage in perjury, mislead the trier of fact, and then shield himself from impeachment by asserting the collateral fact doctrine"). Accordingly, during cross-examination and on the defense case, the defendants should be permitted to offer evidence and testimony, including extrinsic evidence, that contradicts material testimony offered by Celona. See United States v. Norton, 26 F.3d 240, 244 (1st Cir. 1994) (stating that "Evidence which tends to disprove a witness's testimony about a material issue in the case is relevant."); United States v. Cudlitz, 72 F.3d 992, 996 (1st Cir. 1996) (stating that witness who testifies to a fact may be cross-examined "to elicit testimony contradicting his prior testimony for the purpose of showing that the witness is a liar and should not be believed").

**C. Impeachment to Demonstrate Bias**

The defendants respectfully request that they be permitted to offer extrinsic evidence to demonstrate Celona's bias and his motive to slant his testimony in favor of the Government. Although the Federal Rules of Evidence do not specifically address bias, evidence of bias is properly admitted to impeach a witness's credibility by proving that the witness has "a relationship [with a party] which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against the party," whether motivated by "dislike or fear of a party or by the witness's self-interest."[1] United States v. Abel, 469 U.S. 45, 51–52 (1984). Here, extrinsic evidence, including the evolution of John Celona's account of his disclosures and relationship with Jack Kramer and Carlos Ortiz as memorialized in interview notes, is admissible to demonstrate Celona's bias and his motive to slant his testimony in favor of the Government. See United States v. Tse, 375 F.3d 148, 166 (1st Cir. 2004) (holding that where proper foundation is laid, defendant has right to cross-examine prosecution witness concerning matters that might cause witness to be biased against defendant).

**CONCLUSION**

For all of the reasons stated above, the Court should issue an Order permitting the defendants to offer evidence impeaching government witness John Celona.

Date: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase______________
Peter DiBiase

---

[1] Although the Federal Rules of Evidence do not specifically address bias evidence, the 2003 Advisory Committee Note to Rule 608 observes that "[b]y limiting the application of the Rule to proof of a witness' character for truthfulness, the amendment leaves the admissibility of extrinsic evidence offered for other grounds for impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) to Rules 402 and 403." Fed. R. Evid. 608 advisory committee's note.

The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith_____________
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov

- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

- **Peter Sprung**
  peter.sprung@usdoj.gov

- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov