**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 8, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN R. KRAMER'S MOTION IN LIMINE TO EXCLUDE, AS AGAINST DEFENDANT KRAMER, EVIDENCE OF DEFENDANT ORTIZ'S CONVERSATIONS REGARDING THE CONSULTING RELATIONSHIP**

Defendant John R. Kramer respectfully submits this Memorandum of Law in support of his Motion in Limine to Exclude, As Against Defendant Kramer, Evidence of Defendant Ortiz's Conversations Regarding the Consulting Relationship.

The defendants respectfully request that the government be precluded from offering against defendant Kramer any evidence of conversations that defendant Ortiz may have had with co-workers or others regarding Ortiz's personal opinions about CVS's consulting relationship with Celona. Such evidence may be admissible against Ortiz as admissions of a party-opponent, see Fed. R. Evid. 801(d)(2), but it is clearly inadmissible hearsay as to Kramer.

Although Kramer and Ortiz are alleged to be co-conspirators, the Ortiz conversations do not fall under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Rule 801(d)(2)(E) provides that a hearsay statement is nevertheless admissible against the declarant's co-conspirator where the statement was made "during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E); see also United States v. Fahey, 769 F.2d 829, 838–39 (1st Cir. 1985) (noting that "in furtherance" requirement of Rule 801(d)(2)(E) was motivated in part by "the need to protect the accused against idle chatter of criminal partners"). All of Ortiz's conversations with his co-workers are inadmissible against Kramer because such conversations did not in any way "tend[] to advance the objects of the conspiracy as opposed to thwarting its purpose," and thus they were clearly not "in furtherance of" the alleged conspiracy. United States v. Tom, 330 F.3d 83, 93 (1st Cir. 2003); see also United States v. LiCausi, 167 F.3d 36, 50 (1st Cir. 1999) (holding that alleged co-conspirator's statements "cannot fairly be considered in furtherance of the conspiracy" where declarant "was merely blowing off steam or venting anxiety"). In addition, any conversations between Ortiz and his co-workers that took place after the alleged conspiracy

had ended are inadmissible against Kramer because they did not take place "during the course" of the alleged conspiracy. Fed. R. Evid. 801(d)(2)(E).

Accordingly, the Court should exclude evidence of any such conversations or comments by Ortiz, or, in the alternative, the Court should provide a limiting instruction advising the jurors that they may consider such evidence only against Ortiz, and not against Kramer.

## CONCLUSION

For all of the reasons stated above, the Court should issue an Order excluding, as against defendant Kramer, any evidence of defendant Ortiz's conversations regarding the consulting relationship, or, in the alternative, the Court should provide a limiting instruction advising jurors that they may consider such evidence only against Ortiz, and not against Kramer.

Date: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,
/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

**CERTIFICATE OF SERVICE**

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov

- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

- **Peter Sprung**
  peter.sprung@usdoj.gov

- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov