**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 8, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

---------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER INVESTIGATIONS AND OTHER CVS FINANCIAL RELATIONSHIPS**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in support of their Motion in Limine to Exclude Evidence of Other Investigations and Other CVS Financial Relationships.

The defendants respectfully request that the government be precluded from offering evidence regarding the (vacated) convictions of Robert Urciuoli and Francis Driscoll, and the deferred prosecution agreements entered into by Roger Williams Medical Center ("RWMC") and Blue Cross / Blue Shield ("BCBS"). Similarly, the defendants respectfully request that the government be precluded from offering evidence regarding investigation and/or prosecution of legislators other than Celona, as well as evidence of such legislators' financial relationships with CVS. Such evidence is wholly unrelated to the allegations in this case, and any remote probative value that the evidence might possess is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Accordingly, all such evidence is inadmissible in this trial under Rules 401, 402, and 403 of the Federal Rules of Evidence.

The evidence is simply irrelevant. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The fact that two of the three Urciuoli defendants were convicted on at least one count, on a wholly different set of facts from those alleged here, has absolutely no bearing upon this case.[1] See United States v. Shea, 211 F.3d 658, 671 (1st Cir. 2000) (excluding evidence that another individual had committed crimes similar to those allegedly committed by defendants). The same is true for the entities that entered into deferred prosecution agreements. Furthermore, neither Urciuoli nor Driscoll nor RWMC nor BCBS is a party to this prosecution; none of them has been mentioned or described, let alone named, in the Indictment; and their convictions and deferred prosecution agreements are irrelevant to proving the elements of the

[1] Of course, the fact that not all of the Urciuoli defendants were convicted and that those convictions were vacated on appeal further reinforces the impropriety of allowing evidence of those convictions in this trial.

charges against Kramer and Ortiz. See United States v. Lamberty, 778 F.2d 59, 61–62 (1st Cir. 1985) (reversing conviction where district court had admitted evidence that was not "in any way relevant to proving the elements of the counts charged"). Similarly, the Indictment in this case contains no reference to any relationship between CVS and any state official other than Celona, let alone any reference to Kramer or Ortiz being involved with any such uncharged relationship. Nor is there any evidence whatsoever that Kramer or Ortiz were involved in any way in alleged unlawful conduct involving any other legislators. In short, this evidence has no "tendency to make the existence of any fact [in this case] more probable or less probable than it would be without" the evidence. Fed. R. Evid. 401. For this reason alone, the evidence should be excluded.

Moreover, any probative value of the evidence would be substantially outweighed by the danger that the evidence would unfairly prejudice the defendants, mislead the jury, and result in a trial within a trial. See Fed. R. Evid. 403.

**CONCLUSION**

For all of the reasons stated above, the Court should issue an Order excluding evidence of other investigations and other CVS financial relationships as discussed above.

Dated: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase______________
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov
- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov
- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov
- **Peter Sprung**
  peter.sprung@usdoj.gov
- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov