**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**UNITED STATES' OBJECTION TO THE DEFENDANTS' PROPOSED**
**"REMEDIAL" AND "CREDIBILITY OF WITNESS" INSTRUCTIONS**

The United States of America, by and through its undersigned counsel, hereby objects to Defendants' Proposed "Remedial" and "Credibility of Witness" Instructions. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

United States of America
By its Attorney,

ROBERT CLARK CORRENTE
United States Attorney

/s/ STEPHEN G. DAMBRUCH

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 07-09 MML** |
| | : | |
| **JOHN R. KRAMER and** | : | |
| **CARLOS ORTIZ.** | : | |
| | : | |

**MEMORANDUM IN SUPPORT OF THE**
**UNITED STATES' OBJECTION TO THE DEFENDANTS' PROPOSED**
**<u>"REMEDIAL" AND "CREDIBILITY OF WITNESS" INSTRUCTIONS</u>**

For the following reasons, the United States objects to the entire "Remedial Instruction" proffered by the defendants, as well as to the "Credibility of Witness" instruction as written.

## I. The Proposed "Remedial Instruction" Should Be Rejected Entirely.

### A. Introduction

In their proposed "Remedial Instruction," the Defendants seek two extraordinary instructions based on this Court's recent discovery ruling. That proposed instruction asks the Court (1) to issue a judicial finding to the effect that Celona's testimony was contradictory, and (2) to inform the jury that the government violated the constitution and committed a discovery violation. We address them here in reverse order.

As explained below, the proposed instruction concerning the government's conduct is based on unsupported dicta found in <u>United States v. Osorio</u>, 929 F.2d 753, 763 (1st Cir. 1991) -- a case that involved an egregious discovery violation totally unlike the discovery claim here and in which (despite the egregious nature of the violation) no such punitive instruction was actually given by the district court. The proposed instruction concerning Celona's testimony runs counter to a long line of First Circuit decisions, including <u>Osorio</u> itself. Neither instruction is appropriate.

**B. The Proposed "Remedial" Instruction on the Government's Conduct**

In Osorio, the government acted in a "wholly unacceptable" and "astounding" manner when it failed to disclose "highly material impeachment information" in a drug prosecution: the fact that, despite the witness's protests at trial that his prior involvement in drug activities was "small," he was in fact a "major drug dealer" who had distributed 1-2 kilograms of cocaine per week for 18 months, all of which was known to the government before trial. Osorio, 929 F.2d at 755-56, 761. Not only that, but this grave discovery violation took place against the backdrop of "a consistent pattern and practice of negligent nondisclosure . . . ." Id. at 763. Notably, notwithstanding the egregious nature of the violation, the Court later held that the defendant had suffered no prejudice because (1) he was afforded ample cross-examination rights, (2) the witness was recalled to the stand for this purpose, and (3) the defense never asked for a continuance. Id. at 756-63. It was only in a later portion of the opinion, in a dicta statement that was not supported by any citation to authority, that the Court suggested that in some future case a district court might consider instructing the jury that "the government did not meet its discovery obligations." Id. at 763.

There are three main responses to the defense reliance on Osorio. First, the discovery allegations in this case do not even begin to approach the clear and significant violations at issue in Osorio. Second, even the Osorio Court did not suggest that the district court in that case should have instructed the jury that the government committed a discovery violation; it was merely musing about future, possibly even more egregious, cases. And third, such an instruction makes no sense as a sanction in any case, even where there is grave government misconduct. The issue of whether the government complied with its discovery obligations is wholly irrelevant to the jury's task of deciding the facts and reaching a verdict. It has no bearing on the guilt or innocence of the defendants. It is not even germane to the jury's assessment of Celona's

credibility. Moreover, a jury listening to such an instruction would undoubtedly be confused over what role an alleged discovery violation should play in its analysis. Such an instruction would run the risk of suggesting to the jury that it might return a "not guilty" verdict simply to penalize the government –- an unacceptable invitation to jury nullification.[1]

**C. The Proposed "Remedial" Instruction on Celona's Testimony**

The other proposed "remedial" instruction is fatally flawed because it asks the Court to usurp the jury's fact-finding role. As we argued earlier, and as this Court has also stated, it is for the jury to evaluate the accuracy of Celona's testimony and to decide whether and to what extent he has contradicted himself.

In a variety of contexts, the First Circuit has specifically warned against giving jury instructions that could even possibly be construed by jurors as suggesting judicial findings, opinions or views concerning the facts or the evidence. See, e.g., United States v. McFarlane, 491 F.3d 53, 59 (1st Cir. 2007) (fact-laden instructions may "intrude on the jury's function to find the facts and draw the inferences from them"); United States v. Carpenter, 403 F.3d 9, 11 & n.2 (1st Cir.) (instructions should not endorse one party's factual theory of the case), cert. denied, 544 U.S. 1042 (2005); United States v. Sabetta, 373 F.3d 75, 79-80 (1st Cir. 2004) (instruction was "not ideal" because it used "an example based on the facts of the case"); United States v. Kelley Technical Coatings, Inc., 157 F.3d 432, 441 (6th Cir. 1998) ("[a] defendant is not entitled to a judicial narrative of his version of the facts" and a court "may properly refuse to give a requested theory of defense when the requested jury charge is partisan and aspires to place the defendants' desired factual findings into the mouth of the court"); United States v.

[1] Not only does Osorio cite no authority for a discovery violation instruction like the one quoted above, but in the 17 years since that opinion was issued no published opinions have addressed its dicta statements on this topic. That is, there is no evidence that any court has accepted the Osorio Court's advice in this area.

Wedelstedt, 589 F.2d 339, 349 (8th Cir. 1979) ("'Instructions are not a substitute for argument to the jury'").

Here, the proposed instruction amounts to a judicial opinion on the accuracy of Celona's testimony, and it comes close to suggesting that this testimony was knowingly false. The defense is well-equipped to argue this point to the jury. The Court should remain neutral.

In this instance, Osorio affirmatively undermines the defense position here. In Osorio, the Court held that it would have been improper, even in the wake of the serious discovery violation, to allow the defense to elicit from an FBI agent his "own opinion concerning the truthfulness" of the star witness's testimony. Osorio, 929 F.2d at 760. If a witness may not be called upon to evaluate the truthfulness of another witness's testimony, notwithstanding an "astounding" discovery violation, it would hardly make sense for the Court to give the jury its own opinion on that subject in the form of an instruction which highlights an asserted contradiction.

Given this case law and the absence of an egregious discovery violation, the proposed instruction would be manifestly inappropriate.

**D. No Further Remedies are Warranted**

As the Court has already noted, defendants received wide latitude in cross-examining Celona on the key subject in controversy and on a multitude of related issues. They took full advantage of that opportunity. Since then, this Court has offered to have Celona return to the stand for further cross-examination –- an extraordinary offer. In a letter to the Court dated May 27, 2008, defendants spurned that offer. They have also failed to request a continuance. At least in the aggregate, these actions strongly suggest that the defense has mined the alleged discovery violation for all that it is worth and that there is nothing further that it could do to exploit any

inconsistencies in Celona's testimony. That is, there is no "'plausible strategic option'" which the alleged violation has foreclosed. Osorio, 929 F.2d at 760.

## II. The Court Should Strike the Second Paragraph from the Proposed "Credibility of Witness" Instruction.

The government objects to the second paragraph of the defense's "Credibility of Witness" instruction.[2] The second paragraph is lifted from the final sentence of the instruction recited in Osorio. See 929 F.2d at 757 n.2. The instruction given in Osorio, however, did not include any redundancy, unlike the instruction proposed by the defendants. The first paragraph of the proposed instruction, which is based on the Pattern instruction, expressly addresses the issue of the credibility of Celona's testimony taken as a whole based on claimed prior inconsistencies. Specifically, the first paragraph of the Pattern instruction concludes with the admonition that, if the jury were to determine that Celona testified inconsistently with prior statements, it "should decide whether that affects the believability of Celona's testimony at this trial." Pattern Crim. Jury Instr. First Cir. § 2.02. There is no reason to include a redundant second paragraph immediately after the point made in the first; to do so would serve merely to increase the risk that the jury would read the instruction as telegraphing the message that it should conclude that Celona's trial testimony, perhaps all of it, was knowingly false. Such a result should be scrupulously avoided, and because the second paragraph is unnecessary and covered elsewhere in the instructions, it should be stricken.

[2] To avoid unnecessary confusion, the government also requests that the Court re-label any such instruction in the manner in which it is identified at Section 2.02 of the pattern instructions: that is, "Impeachment by Prior Inconsistent Statements." There is already an instruction in the Court's draft Jury Instruction concerning "Testimony of Witnesses" that covers witness credibility generally.

## CONCLUSION

For all of the foregoing reasons, this Court should reject the defendants' proposed"Remedial Instruction" entirely, and should strike the second paragraph from the defendants' proposed "Credibility of Witness" instruction and refer to it as "Impeachment by Prior Inconsistent Statements."

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov.

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W., 12th Floor
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2008, I caused the within Government's Objection to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

Anthony Traini, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney