**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANTS' MOTION TO STRIKE CERTAIN TESTIMONY OF GOVERNMENT WITNESS JOHN CELONA**

The United States of America, by and through its undersigned counsel, hereby objects to Defendants' Motion to Strike Certain Testimony of Government Witness John Celona. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

United States of America
By its Attorney,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000 - Phone
(401)709-5001 - Fax
Stephen.Dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CR 07-09 MML** |
| | : | |
| **JOHN R. KRAMER and** | : | |
| **CARLOS ORTIZ.** | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO STRIKE CERTAIN TESTIMONY OF GOVERNMENT WITNESS JOHN CELONA**

The defendants move to strike certain testimony of John Celona. The motion should be denied, as it is both untimely and lacks merit.

On May 20, 2008, the defendants orally, and again in a letter later that day, requested that the Court strike certain testimony from the trial record developed the previous day, that is, on May 19, 2008. The defendants then filed the instant motion on May 21, 2008. The defendants seek to strike the testimony identified in the following five passages: (1) 124:15-125:5; (2) 137:21-138:12; (3) 155:19-25; (4) 156:21-23; and (5) 157:1-2.

At the time the testimony was given, no defense counsel objected to the last four segments of testimony cited in the defendants' motion, and Ortiz's counsel objected and was overruled without further discussion during the first segment only after Celona had already answered a question, without objection, on the same issue. See Defendants' Motion to Strike at 3-4. This Court enjoys broad discretion in whether to admit or exclude evidence over objection, including in its enforcement of the requirement at trial of a contemporaneous objection or motion to strike. Fed. R. Evid. 103(a)(1), 611. The motion to strike was raised in the first instance a full day after the testimony was admitted. This delay falls well within the Court's discretion to reject

the non-contemporaneous motion as untimely.[1] Accordingly, the defendants' motion to strike should be denied.

In addition, the evidence the defendants seek to strike is admissible. As to the first area of testimony, counsel for Defendant Ortiz objected to a question that was posed after Celona testified over no objection that he did not seek to obtain a written opinion from the Ethics Commission because he "didn't want to." Tr. Transcript 124:15-16 (May 19, 2008). The reason that Celona – an alleged principal and an alleged co-conspirator – did not want to seek a written opinion may not be particularly material or probative, and is certainly not relevant to the defendants' state of mind, but it nonetheless possesses some independent probative value on the question whether a scheme or conspiracy to conceal existed.

The same may be said of Celona's testimony, admitted without contemporaneous objection, regarding the other four areas of testimony identified in the defendants' motion. In each instance, the reason why Celona took actions that tended to benefit CVS's interests or suggest an effort to justify a corrupt relationship is probative in some degree to the existence of the alleged conspiratorial agreement, and thus is relevant evidence under the Rule's extremely broad and permissive standard. See Fed. R. Evid. 401; United States v. Nason, 9 F.3d 155, 162 (1st Cir. 1993). Likewise, none of the limited testimony identified in the cited passages creates any great danger of unfair prejudice. See United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially

---

[1] Whether a non-contemporaneous objection or motion to strike forfeits appellate rights is a separate question, but even as to that, the requirement of contemporaneous objection or motion is, "for the most part, strictly enforced in this Circuit." United States v. Houlihan, 92 F.3d 1271, 1298 (1st Cir. 1996). Although the rule of contemporaneous objection to preserve appellate review may not necessarily be inflexible, see United States v. Meserve, 271 F.3d 314, 324 (1st Cir. 2001), on appeal an after-the-fact motion to strike usually cannot "repair the forfeiture that flows from the failure to interpose a contemporaneous objection." A.J. Faigin v. Kelly, 184 F.3d 67, 83 n.10 (1st Cir.1999).

outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.") Accordingly, the portions of Celona's testimony identified by the defendants should not be stricken at this late date.

**CONCLUSION**

For the foregoing reasons, the defendants' motion seeking to strike certain testimony of John Celona from the trial record should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Stephen G. Dambruch

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov.

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas

DANIEL A. PETALAS
Trial Attorney
Criminal Division
1400 New York Avenue N.W., 12th Floor
Washington, D.C. 20530
(202) 514-1412 - phone
(202) 514-3003 - fax
dan.petalas@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2008, I caused the within Government's Motion and Memorandum to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

Anthony Traini, Esq.
56 Pine Street, Suite 200
Providence, RI 02903

/s/ Daniel A. Petalas
DANIEL A. PETALAS
Trial Attorney