UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR No. 07-009ML

JOHN R. KRAMER and
CARLOS ORTIZ

JURY INSTRUCTIONS

TABLE OF CONTENTS

A. GENERAL INSTRUCTIONS ..... 5

1. INTRODUCTION ..... 5
2. EVIDENCE RECEIVED IN THIS CASE ..... 6
3. INDICTMENT – DEFINED ..... 6
4. INFERENCES – DEFINED ..... 7
5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL ..... 7
6. OBJECTIONS AND WEIGHT OF THE EVIDENCE ..... 8
7. JURY'S RECOLLECTION CONTROLS ..... 8
8. PRESUMPTION OF INNOCENCE ..... 8
9. BURDEN OF PROOF ..... 9
10. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY ..... 10
11. CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY ..... 11
12. "IN OR ABOUT" – DEFINED ..... 11
13. EXHIBITS ..... 11
14. STIPULATIONS ..... 12
15. REMARKS OF COUNSEL ..... 12
16. CONDUCT OF COURT AND COUNSEL ..... 13
17. EVIDENCE ADMITTED FOR A LIMITED PURPOSE ..... 13
18. TESTIMONY OF WITNESSES ..... 14
19. COOPERATING WITNESS ..... 15

B. THE OFFENSES CHARGED ..... 17

1. CHARGES CONTAINED IN THE INDICTMENT ....................17

2. COUNTS 2 THROUGH 22: MAIL FRAUD ....................18

2.1. COUNTS 2 THROUGH 22 ....................18

2.2. 18 U.S.C. § 1341 ....................19

2.3. 18 U.S.C. § 1346 ....................19

2.4. 18 U.S.C. § 1341 – ELEMENTS OF THE OFFENSE ....................19

2.5. "SCHEME TO DEFRAUD" ....................19

2.6. "KNOWINGLY" AND "WILLFULLY" – DEFINED ....................20

2.7. "INTENT TO DEFRAUD" – DEFINED ....................21

2.8. INTENT TO DEPRIVE OF HONEST SERVICES ....................21

2.9. THE 'CLASS EXCEPTION' IN HONEST SERVICES MAIL FRAUD ....................23

2.10. INTENT TO DECEIVE ....................25

2.11. PROVING INTENT AND KNOWLEDGE ....................25

2.12. USE OF THE MAIL IN FURTHERANCE OF THE SCHEME ....................26

2.13. MAIL FRAUD: SUCCESS IMMATERIAL ....................27

2.14. MAIL FRAUD – SUMMARY ....................27

3. COUNT 1: CONSPIRACY TO COMMIT MAIL FRAUD ....................28

3.1. 18 U.S.C. § 371 ....................28

3.2. 18 U.S.C. § 371 – ELEMENTS OF THE OFFENSE ....................28

3.3. CONSPIRACY – GENERALLY ....................28

3.4. CONSPIRACY – TIME PERIOD ....................29

3.5. EXISTENCE OF THE CONSPIRACY ....30

3.6. MEMBERSHIP IN CONSPIRACY ....30

3.7. INTENT ....32

3.8. CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS ....32

3.9. "OVERT ACT" REQUIREMENT ....33

3.10. CONSPIRACY – SUCCESS IMMATERIAL ....33

4. COUNT 23: FEDERAL PROGRAM BRIBERY ....34

4.1. 18 U.S.C. § 666 ....34

4.2. 18 U.S.C. § 666 – ELEMENTS OF THE OFFENSE ....34

4.3. AGENT DEFINED ....35

4.4. FEDERAL PROGRAM BRIBERY—DEFENDANT ACTED CORRUPTLY ....36

4.5. VALUE OF TRANSACTION ....36

4.6. FEDERAL PROGRAM BRIBERY—ORGANIZATION OR GOVERNMENT RECEIVED FEDERAL FUNDS ....37

4.7. UNANIMITY AS TO PARTICULAR PAYMENT ....37

4.8. BONA FIDE COMPENSATION ....37

5. COUNTS 2 THROUGH 23: AIDING AND ABETTING ....38

C. DELIBERATIONS AND VERDICT ....39

1. UNANIMOUS VERDICT – JURY CONDUCT ....39

2. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS ....40

## PART A: GENERAL INSTRUCTIONS

### 1. INTRODUCTION

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the defendants and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you.

Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denials made by the "not guilty" pleas of the defendants. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a

litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

2. EVIDENCE RECEIVED IN THIS CASE

For the purpose of determining whether or not the government has sustained its burden of proof, you must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and any facts to which the parties have stipulated. Prior recorded testimony under oath is also evidence.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

3. INDICTMENT – DEFINED

An indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The indictment was returned by a grand jury, which heard only the government's side of the case. The fact that the defendants have had an indictment filed against them is no evidence whatsoever of the guilt of any defendant. An indictment is nothing more than an accusation. It is a piece of paper filed with the Court to bring a criminal charge against a defendant. Here, the defendants have pleaded not guilty and have put in issue the charges

alleged in the indictment. The government therefore has the burden of proving the allegations made against the defendants.

The fact that an indictment has been filed in this case does not give rise to a presumption of guilt. It does not even lead to an inference of guilt. The indictment simply brings this matter before you for determination. Beyond that, it has no significance whatsoever.

## 4. INFERENCES – DEFINED

In determining whether the government has sustained its burden of proof, you are to consider only the evidence. But in your consideration of the evidence, you are not limited to the statements of witnesses, or solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case. You may not, however, draw an inference from another inference.

## 5. EVIDENCE – DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law

permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 6. OBJECTIONS AND WEIGHT OF THE EVIDENCE

The fact that the Court may have admitted evidence over objection should not influence you in determining the weight that you give such evidence. Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of the weight that you give the evidence if admitted. In other words, you should determine the weight that you give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

## 7. JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

## 8. PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the utmost importance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. Each defendant before you has the benefit of that presumption throughout the trial, and you are not to convict a defendant of a particular charge

unless you are unanimously persuaded of that defendant's guilt on that charge beyond a reasonable doubt.

This presumption was with each defendant when the trial began and remains with each defendant even now as I speak to you and will continue with each defendant into your deliberations unless and until you are convinced that the government has proven a defendant's individual guilt beyond a reasonable doubt.

## 9. BURDEN OF PROOF

As I have said, the burden is upon the government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions–one that a defendant is guilty as charged, the other that the defendant is not guilty–you will find the defendant not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of

proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each element of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

## 10. DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

A defendant does not have to testify. This principle is related to the fact that the burden of proof is upon the government and not on the defendant.

A defendant in a criminal case need not say anything. It is the right of every individual not to testify. It is guaranteed by the Constitution. If one or more of the defendants chooses not to testify, you may not draw any adverse inference from that fact. By that I mean you may not say, "Well, they must have something to hide, otherwise they would have testified," or, "They must be guilty because they did not get up on the stand and tell me that they were not guilty." It is absolutely impermissible for you to draw such inferences in this case.

## 11. CONSIDER EACH DEFENDANT AND EACH COUNT SEPARATELY

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that particular defendant, leaving out of consideration entirely any evidence admitted solely against the other defendant. The fact that you return a verdict of guilty or not guilty as to one defendant on any count of the indictment should not, in any way, affect your verdict regarding the other defendant.

You must consider each charge separately. The fact that you find a defendant guilty or not guilty on one count does not mean that you should find the same defendant guilty or not guilty on any other count.

## 12. "IN OR ABOUT" – DEFINED

You will note that the indictment charges that the offenses were committed "in or about" or "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient that the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment.

## 13. EXHIBITS

Exhibits admitted into evidence by the Court are properly before you, and will be available to you during your deliberations. An exhibit marked by the Court for identification is not evidence in the case unless or until it was admitted by the Court as a full exhibit. If it has not

been admitted as a full exhibit, you may not consider it. If it was admitted, however, it is just as much a part of the evidence in the case as the testimony which you have heard from the witness stand.

The labels, "Government" and "Kramer," used by the parties have no significance as to whether the exhibits were offered by the Government, a defendant or by stipulation. All the exhibits admitted as full exhibits may be considered as to each party.

## 14. STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may accept the stipulation as fact and give it whatever weight you choose.

## 15. REMARKS OF COUNSEL

Remarks, statements, and questions by counsel are not evidence and you are not to consider them as evidence during your deliberations. Neither should you permit objections by counsel to the admission of evidence, or the rulings of the Court, to create any bias or prejudice toward counsel or the party whom he or she represents. It is the duty of counsel for both sides to represent their clients vigorously and to defend their client's rights and interests. In the performance of that duty, counsel freely may make objection to the admission of offered evidence, or to any other ruling of the Court, and should not be penalized for doing so.

## 16. CONDUCT OF COURT AND COUNSEL

If during trial, or in instructing you, I have said or done anything that has caused you to believe that I was indicating an opinion as to what the facts are in this case, you should put that belief out of your mind. I did not intend to indicate any such opinion. In fact, I try not to have an opinion about the case because you are the sole and exclusive judges of the facts.

In determining the facts, you are to consider only that evidence which has properly been placed before you. It is the Court's duty to pass upon the admissibility of offered evidence, that is, to decide whether or not offered evidence should be considered by you. Evidence admitted by the Court is properly before you for your consideration; evidence which the Court has refused to admit, or may have stricken from the record after you heard it, is not a proper subject for your deliberations and you should not consider it.

## 17. EVIDENCE ADMITTED FOR A LIMITED PURPOSE

In some instances, evidence has been admitted for a limited purpose or against only one defendant. You may recall, with respect to Carlos Ortiz's Grand Jury testimony in Government Exhibit # 394, Mr. Ortiz's statements may be considered only as they relate to his actions and / or state of mind, and not as they relate to Mr. Kramer's actions and /or state of mind. You must consider such evidence only in the manner in which I have instructed you and not for any other purpose.

## 18. TESTIMONY OF WITNESSES

The law does not require you to accept or credit the evidence admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and the weight you choose to give to his or her testimony.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; (6) how reasonable the witness's testimony is when considered in light of other evidence which you believe; and (7) whether the witness was convicted of a felony offense.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. These statements may be used to impeach the credibility of that witness. It is within your province to assess the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

## 19. COOPERATING WITNESS

You have heard the testimony of John Celona. He provided evidence under an agreement with the government. Cooperation agreements are lawful, and some people in this position are entirely truthful when testifying.

Still, you should consider John Celona's testimony with greater caution than that of an ordinary witness. John Celona may have had reason to make up stories or exaggerate what others did because he wanted to help himself.

In deciding what to believe, you may consider a number of factors, including the following:

(1) Celona's ability to see, hear, or know the things he testified to;

(2) The quality of Celona's memory;

(3) Celona's manner while testifying;

(4) Whether Celona has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Whether Celona's testimony is contradicted by anything he said or wrote before trial or by other evidence;

(6) The reasonableness or unreasonableness of the events that Celona related to you in his testimony;

(7) The reasonableness of Celona's testimony when considered in the light of other evidence which you believe; and

(8) Any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict Celona's version of the events.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything John Celona said or only part of it or none of it.

## PART B: THE OFFENSES CHARGED

### 1. CHARGES CONTAINED IN THE INDICTMENT

The indictment in this case contains 23 counts or "charges."

The defendants in this case are John Kramer and Carlos Ortiz.

Counts 2 through 22 charge each defendant with the commission of honest services mail fraud, an offense prohibited by 18 U.S.C. §§ 1341 and 1346. Counts 2 through 22 pertain to mailings allegedly made or caused to be made by one or more of the defendants in interstate commerce.

Count 1 of the indictment charges that the defendants conspired to commit honest services mail fraud in violation of 18 U.S.C. § 371. Specifically, Count 1 charges that from at least May 1999, and continuing to until in or about December 2003, the defendants Kramer and Ortiz conspired with John Celona and with each other to commit honest services mail fraud.

Count 23 charges each defendant with the commission of federal program bribery in violation of 18 U.S.C. § 666.

Again, I remind you that a separate crime is alleged against each of the defendants in each count of the indictment and you must consider each alleged offense, and any evidence pertaining to it, separately. The fact that you find one defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offenses charged against that defendant or the other defendant.

## 2. COUNTS 2 THROUGH 22: MAIL FRAUD

Counts 2 through 22 of the indictment each charge that each of the defendants committed honest services mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346, by mailing or causing the mailing of certain checks from CVS to John Celona.

### 2.1. COUNTS 2 THROUGH 22

In Counts 2 through 22, the government must prove beyond a reasonable doubt that the following checks from CVS were mailed to John Celona.

| Count | Date of Check | Check Number | Amount |
|---|---|---|---|
| 2 | 01/28/02 | 2165006 | $1,000 |
| 3 | 03/04/02 | 2197865 | $1,000 |
| 4 | 04/01/02 | 2222998 | $1,000 |
| 5 | 05/30/02 | 2285813 | $1,000 |
| 6 | 06/05/02 | 2295053 | $1,000 |
| 7 | 06/27/02 | 2314643 | $1,000 |
| 8 | 07/25/02 | 2344982 | $1,000 |
| 9 | 09/06/02 | 2387835 | $1,000 |
| 10 | 09/25/02 | 2405267 | $1,000 |
| 11 | 10/29/02 | 2441810 | $1,000 |
| 12 | 12/04/02 | 2482535 | $1,000 |
| 13 | 12/11/02 | 2490223 | $1,000 |
| 14 | 01/24/03 | 2539856 | $1,000 |
| 15 | 02/21/03 | 2569789 | $1,000 |
| 16 | 03/28/03 | 2605768 | $1,000 |
| 17 | 04/18/03 | 2632644 | $1,000 |
| 18 | 05/27/03 | 4014330 | $1,000 |
| 19 | 06/18/03 | 4039406 | $1,000 |
| 20 | 07/16/03 | 4067660 | $1,000 |
| 21 | 08/29/03 | 4114810 | $1,000 |
| 22 | 09/17/03 | 4133606 | $1,000 |

2.2. 18 U.S.C. § 1341

A violation of section 1341 occurs when a defendant, "having devised or intending to devise any scheme or artifice to defraud..., places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . ."

2.3. 18 U.S.C. § 1346

Title 18, Section 1346 defines a "scheme or artifice to defraud" as including "a scheme or artifice to deprive another of the intangible right of honest services."

2.4. 18 U.S.C. § 1341 – ELEMENTS OF THE OFFENSE

To sustain its burden of proof on a charge of mail fraud, the government must prove each of the following elements beyond a reasonable doubt as to each defendant so charged:

*First*: That a scheme to defraud existed substantially as charged in the indictment;

*Second*: That the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

*Third*: That in furtherance of this scheme, the defendant used or caused the use of the United States mail on or about the date alleged in the indictment.

2.5. "SCHEME TO DEFRAUD"

The first element of mail fraud is the existence of a scheme to defraud. A "scheme" includes any plan, pattern, or course of action.

The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or entity or by a desire or purpose to cause some loss to some person. It includes a scheme to deprive another of the intangible right of honest services.

Public officials have a duty to act in the public's interest. A scheme to deprive the public of the honest services of a public official is a scheme intended to cause a public official to act based upon his or her own personal interests rather than for the benefit of the public.

In this case, the indictment charges the existence of a scheme to deprive the citizens of Rhode Island of the honest services of John Celona.

## 2.6. "KNOWINGLY" AND "WILLFULLY" – DEFINED

The second element of the offense of mail fraud requires proof that the defendant knowingly and willfully participated in the scheme with the intent to defraud.

A defendant acts "knowingly" if he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

An act is done "willfully" if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids–that is to say, with bad purpose, either to disobey or disregard the law. Thus, if a defendant acted in good faith, he cannot be guilty of the crime alleged.

## 2.7. "INTENT TO DEFRAUD" – DEFINED

To act with an "intent to defraud" means to act willfully and with the specific intent to deceive or cheat. Thus, a defendant who acted in good faith cannot be guilty of the crime. The burden of proving intent, as with all other elements of the offense, rests with the government.

The government must prove both of the following types of intent beyond a reasonable doubt:

*First*: That the defendant intended to cause the public official to deviate from the honest performance of his public duties; and

*Second*: That the defendant intended to deceive the public.

## 2.8. INTENT TO DEPRIVE OF HONEST SERVICES

The government may prove the first kind of intent – the intent that John Celona deviate from the honest performance of his public duties – in either of two ways.

First, the government may seek to prove beyond a reasonable doubt that the defendant intended the payments or other things of value provided to John Celona to cause him to alter his official acts, to change a position which he would otherwise have taken, or to take official actions that he would not have taken but for the payments or other things of value. A defendant is guilty of honest services fraud under this theory only if the government proves beyond a reasonable doubt that the defendant intended to improperly influence or otherwise improperly affect John Celona's performance of his public duties and thereby to deprive the public of John Celona's honest services.

The second way in which the government may seek to prove a defendant's intent to deprive the public of the honest services of John Celona is to seek to prove beyond a reasonable doubt that the defendant intended for John Celona to fail to disclose a material conflict of interest. In order to find that a defendant acted with such intent, the government must prove that the defendant believed that a material conflict existed, and intended for John Celona to fail to disclose that conflict of interest and thereby to deprive the public of John Celona's honest services.

Under either of the approaches above, in determining whether a defendant intended that John Celona deviate from the honest performance of his public duties, you must consider Rhode Island State law, which in part defines those duties. I will instruct you on Rhode Island State law in just a moment.

When considering whether the government has met its burden of proving that the defendants acted with the intent that John Celona deviate from the honest performance of his public duties, I instruct you that certain forms of intent are not sufficient. For example, the intent to gain access to a public official in and of itself does not constitute an intent that the official deviate from the honest performance of his duties. Nor does the intent to cultivate business or political friendship with a public official. Providing political donations, hospitality, or entertainment, such as lodging, golf, sports events and the like, does not constitute honest services fraud if the defendant intended to gain access to the public official or cultivate a business or political friendship with the official, without any improper purpose or intent.

## 2.9. THE 'CLASS EXCEPTION' IN HONEST SERVICES MAIL FRAUD

In this case, the indictment charges that the defendants intentionally engaged in a scheme to deprive the citizens of Rhode Island of the honest services of John Celona, a Rhode Island state legislator. In order to understand the nature of the honest services owed by a Rhode Island legislator, and to determine whether the defendants intentionally engaged in a scheme to deprive the citizens of Rhode Island of the "honest services" of John Celona, you must consider Rhode Island State law.

In this regard, I should tell you several things about Rhode Island's system of government and laws regarding its state legislators. The State of Rhode Island's legislature, which is called the Rhode Island General Assembly, is what is known as a "citizens' legislature." This means that, unlike, for example, members of the United States Congress, who work full-time as legislators, Rhode Island State legislators are members of the community who serve only part-time in the State legislature and are paid only modestly for their work as legislators. Accordingly, Rhode Island State law permits legislators to hold jobs outside of the legislature.

This concept of a citizens' legislature, which has been adopted by Rhode Island as well as various other states in the country, often results in situations where a certain piece of legislation under consideration could affect the interests of an entity for whom a legislator works. Under certain circumstances, legislators can still participate in such legislation. Specifically, Rhode Island State law contains a provision known as the 'class exception.' This provision expressly permits a legislator to take action on legislation that would affect a private entity for whom the legislator works, as long as the legislation would affect that entity to no greater extent than any

other similarly situated entities. This is referred to as the 'class exception' because it applies when proposed legislation treats a *class* of entities, such as all teachers or pharmacies, alike.

Under Rhode Island State law, the legislator is the one who is responsible for (1) identifying any actual or potential conflict of interest; (2) determining whether such a conflict, if one exists, needs to be disclosed; and (3) determining whether, under all circumstances, he or she is permitted to participate in legislation. In this regard, legislators are permitted by Rhode Island State law to seek guidance and approval from a public body called the Rhode Island Ethics Commission, but Rhode Island State law does not require them to seek such guidance or approval. A public official who seeks guidance from the Ethics Commission may do so by making a request in writing. The Ethics Commission also provides oral advice in response to oral inquiries from public officials. The Ethics Commission, an independent public agency created by amendment to the Rhode Island State Constitution, adopts, enforces, and administers Rhode Island's code of ethics, which governs the conduct of its public officials, including legislators.

Rhode Island State law does not prohibit private citizens or entities who have hired a legislator from communicating with that legislator about legislation that might be of interest to them. Again, it is the legislator's responsibility to determine whether or not he may participate in legislation that would affect the entity with whom he has a business relationship, and not the private citizens' responsibility to make that determination or to refrain from communicating with the legislator about any such legislation.

Although I have given you this instruction on Rhode Island State law, you are not to determine whether or not Rhode Island state law has been complied with here. You are here to

decide whether or not the Government has proven beyond a reasonable doubt all of the elements of the crimes charged against the defendants.

## 2.10. INTENT TO DECEIVE

The government may prove the second kind of intent – that the defendant intended to deceive the public concerning his conduct – either through the defendant's own acts of deception towards the public or the defendant's efforts to ensure the official deceived the public with respect to payments to the official.

Evidence that the defendant intended to cause the official intentionally to fail to disclose material information about payments to that official is sufficient to show that the defendant intended that the public be deceived with respect to the defendant's alleged payments to the official.

Under this element, the government must prove that the defendant intended to deceive the public about the payments to Celona. Thus, proof that Celona acted under a material conflict of interest alone is not sufficient to prove honest services mail fraud unless you also conclude that the defendant intended for any such conflict to be concealed from the public.

At bottom, the government must present sufficient evidence to establish a defendant's intent that the public be deceived with respect to payments to the public official.

## 2.11. PROVING INTENT AND KNOWLEDGE

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew

or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

## 2.12. USE OF THE MAILS IN FURTHERANCE OF THE SCHEME

The use of the mails in furtherance of the scheme is an essential element of the offense of mail fraud. The use of the mails itself need not be false or fraudulent.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme, or that the material sent by mail was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the mails was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the date(s) alleged was closely related to the scheme because the defendant caused a check to be mailed in an attempt to execute or carry out the scheme. To "cause" the mail to be used is to act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

## 2.13. MAIL FRAUD: SUCCESS IMMATERIAL

The government need not prove that the scheme was successfully carried out. Nor is the government required to prove that the scheme was capable of success. The government need only show that the deprivation of honest services of a public official was intended by the schemer.

## 2.14. MAIL FRAUD – SUMMARY

To summarize, to find the defendants guilty of mail fraud, it is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the date alleged was closely related to the scheme because the defendant caused a check to be mailed in an attempt to execute or carry out the scheme.

### 3. COUNT 1: CONSPIRACY

Count 1 of the indictment alleges that the defendants, Kramer and Ortiz, in violation of 18 U.S.C. § 371, engaged in a conspiracy with each other and with John Celona to commit a federal offense, specifically, that the defendants conspired to commit honest services mail fraud.

#### 3.1. 18 U.S.C. § 371

Title 18, Section 371 provides, in pertinent part, that "[i]f two or more persons conspire...to commit any offense against the United States...and one or more of such persons do any act to effect the object of the conspiracy," each is guilty of a violation of 18 U.S.C. § 371.

#### 3.2. 18 U.S.C. § 371 – ELEMENTS OF THE OFFENSE

To sustain its burden of proof as to the offense charged in Count 1, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

*First*: That the agreement, as set forth in the indictment, and not some other agreement, existed between two or more persons to commit honest services mail fraud;

*Second*: That the defendant knowingly and willfully joined in that agreement; and,

*Third*: That one of the conspirators committed at least one of the overt acts set forth in the indictment in an effort to further the purpose of the conspiracy.

#### 3.3. CONSPIRACY – GENERALLY

A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in which each member of the conspiracy, just by being a member of the

conspiracy, becomes an agent of every other member of the conspiracy. What this means is that each conspirator not only acts for himself, but also acts for the other conspirators. In other words, a conspiracy is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

In this case, the indictment alleges that there was an agreement among John Celona and defendants Kramer and Ortiz to commit mail fraud. It is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed. It must prove, however, that John Celona and defendants Kramer and / or Ortiz in some way or manner, or through some means, came to a mutual understanding to accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

## 3.4. CONSPIRACY – TIME PERIOD

The indictment charges that the conspiracy existed from at least in or about May 1999 to in or about December 2003. In determining whether the defendants conspired as charged, you need not find the precise time frame in which the conspiracy was in existence. It is sufficient that you find that a conspiracy was in existence for any period of time reasonably described by the period alleged in the indictment, and that the defendant was a member of that conspiracy during that period.

3.5. EXISTENCE OF THE CONSPIRACY

In your consideration of the conspiracy offense alleged in Count 1, you should first determine, from all of the testimony and evidence in the case, whether or not a conspiracy existed as charged.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. However, the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests, does not necessarily, in and of itself, establish proof of the existence of a conspiracy, but you may consider such factors.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme nor the fact of a defendant's participation in it need be proven by direct evidence. Both may be inferred from the circumstances of the case and course of dealings among John Celona and defendants Kramer and Ortiz.

3.6. MEMBERSHIP IN CONSPIRACY

In addition to proving that the conspiracy charged in the indictment existed, the government must also prove beyond a reasonable doubt that the defendant willfully joined in that agreement. To act "willfully" means to act voluntarily and intelligently, and with the specific intention that the underlying crime – here, honest services mail fraud – be committed. In other

words, to act willfully means to act with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident, or mistake.

Proof that a defendant willfully joined in the agreement must be based upon evidence of the defendant's own words and / or actions. You need not find that the defendant agreed specifically to or knew about all of the details, or the scope, of the conspiracy, or that the defendant participated in each act of the agreement or played a major role. However, the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture. On the other hand, a defendant who has no knowledge of a conspiracy, but happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Mere knowledge of or acquiescence in an unlawful plan, without participation in it, is not sufficient. More is required under the law. What is necessary is that a defendant participated with knowledge of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those objectives.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of that defendant's guilt. A conspirator's liability is not measured by the extent or duration of that conspirator's participation. Each conspirator may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of a conspiracy if the act is done with the intention of agreeing to join the conspiracy and the intention of accomplishing the conspiracy's unlawful purpose.

3.7. INTENT

To establish that a defendant willfully joined in a conspiracy, the government must prove two types of intent beyond a reasonable doubt: (1) an intent to agree; and (2) an intent that the underlying crime, in this case, honest services mail fraud, be committed. The government need not prove that the defendant agreed to commit the underlying offense personally. It is sufficient that the defendant intended that the offense be committed, if not by himself, then by a co-conspirator. An individual's intent may be inferred from all of the surrounding circumstances.

3.8. CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS

In deciding whether a defendant was a member of the conspiracy, you should first consider the evidence of that particular defendant's own acts and statements. You may also consider any other evidence in the case as it bears on the issue of a defendant's membership. Specifically, you may consider the acts and statements of the other alleged co-conspirators, even if the defendant was not present at the time the acts were done or the statements were made. However, you may do so only if you find that the defendant was a member of the conspiracy at the time the acts were done or the statements made, and only if you find that the acts were done and the statements were made by a person whom you find to be a member of the conspiracy during the conspiracy's existence and in furtherance of one of its purposes. If the acts were performed or the statements were made at a time when the defendant you are considering was not a member of the conspiracy, or were performed or made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of the

conspiracy, then they may be considered as evidence only against the conspiracy member who did or said them and not against any other defendant. You are instructed that in this case there are only three natural persons alleged to have entered into the agreement described in the indictment, John Celona and defendants Kramer and Ortiz.

### 3.9. "OVERT ACT" REQUIREMENT

In order to prove a conspiracy, the government must prove that, after the conspiracy was entered into, one of the members of the conspiracy committed an overt act in an effort to accomplish some purpose of the conspiracy. In this case, paragraphs 32 through 95 of the indictment set forth the overt acts alleged to have been committed in furtherance of the conspiracy charged.

An "overt act" is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The overt act need not itself be a crime. The government is not required to prove that the defendant personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy. However, you must unanimously agree as to which overt act alleged in the indictment has been proven beyond a reasonable doubt.

### 3.10. CONSPIRACY – SUCCESS IMMATERIAL

The government does not have to prove that the conspiracy succeeded or that its object was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

### 4. COUNT 23: FEDERAL PROGRAM BRIBERY

Count 23 of the indictment charges each defendant with federal program bribery pursuant to 18 U.S.C. § 666.

#### 4.1. 18 U.S.C. § 666

A violation of section 666 occurs when a defendant, "corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of … a State … government … in connection with any business, transaction, or series of transactions of such … government … involving anything of value of $5,000 or more," and the state government "receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance."

Section 666 of Title 18 "does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."

#### 4.2. 18 U.S.C. § 666 – ELEMENTS OF THE OFFENSE

To sustain the charge of bribery, the government must prove the following elements beyond a reasonable doubt:

*First*, that the defendant offered, gave, or agreed to give something of value to John Celona;

*Second*, that John Celona was an agent of a state government or of an agency of a state government;

*Third*, that the defendant under consideration acted corruptly with the intent to influence or reward John Celona with respect to a transaction of the Rhode Island General Assembly and / or the Rhode Island Student Loan Authority;

*Fourth*, that this business, transaction or series of transactions involved anything of a value of $5,000 or more; and

*Fifth*, that the State government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other assistance. The one year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

As used in this instruction, the term "corruptly" means that the defendant acted voluntarily and intentionally and, at least in part, to influence the agent.

A "thing of value" can be tangible or intangible property.

## 4.3. AGENT DEFINED

The second element the government must prove beyond a reasonable doubt is that, at the time alleged in the indictment, John Celona was an agent of the state of Rhode Island.

An "agent" is a person authorized to act on behalf of another person, organization or government. Elected officials are agents of the government to which they were elected to serve. A person may be an agent of more than one government agency.

## 4.4. FEDERAL PROGRAM BRIBERY—DEFENDANT ACTED CORRUPTLY

The third element the government must prove beyond a reasonable doubt is that the defendant acted corruptly, with the intent, at least in part, to influence or reward John Celona in connection with some business, transaction, or series of transactions with the government or agency.

To act corruptly means to act voluntarily and intentionally with an improper motive or purpose to influence or reward the recipient's actions. This involves conscious wrongdoing, or as it sometimes has been expressed, a bad or evil state of mind.

In considering this element, remember that it is the defendant's intent, at least in part to influence the recipient's actions, which is important, not the subsequent actions of the recipient or the organization or government. Thus, the government does not have to prove that John Celona accepted the bribe offer or that the bribe actually influenced the final decision of the government. It is not even necessary that John Celona had the authority to perform the act which the defendant sought.

## 4.5. VALUE OF TRANSACTION

The fifth element the government must prove beyond a reasonable doubt is that the value of the transaction to which the alleged payment related was at least $5,000. To establish this element, the government must prove that the defendant under consideration intended to influence or reward John Celona in connection with any business, transaction, or series of transactions of Rhode Island's General Assembly and / or the Rhode Island Student Loan Authority involving

anything of value of $5,000 or more. If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

The government is not required to prove that the defendant under consideration paid or offered at least $5,000. It is the value of the business or transaction that the alleged bribe was intended to influence or reward that is important for the purpose of this element.

## 4.6. FEDERAL PROGRAM BRIBERY—ORGANIZATION OR GOVERNMENT RECEIVED FEDERAL FUNDS

In Government Exhibit # 391, the government and defendants have agreed that the State of Rhode Island received at least $10,000 per year from the federal government during each year at issue.

## 4.7. UNANIMITY AS TO PARTICULAR PAYMENT

I instruct you that in order for you to find the defendant under consideration guilty of a charge of federal program bribery, you must unanimously agree on whether any particular payment or other thing of value violated the statute, and, if so, on which payment or thing of value violated the statute.

## 4.8. BONA FIDE COMPENSATION

In order to meet its burden on a charge of federal program bribery, the government must prove beyond a reasonable doubt that the payments or things of value given to John Celona were given corruptly and were not bona fide compensation paid in the ordinary course of business.

5. COUNTS 2 THROUGH 23: AIDING AND ABETTING

In addition to charging the defendants in this case as being principally liable, the indictment also charges each defendant with a violation of 18 U.S.C. § 2, or aiding and abetting the crimes of mail fraud and bribery in Counts 2 through 23. To "aid and abet" means to intentionally help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, that someone else committed the charged crime, and

*Second*, the defendant willfully associated himself in some way with the crime and willfully participated in it as he would in something he wished to bring about.

This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.

## PART C: DELIBERATIONS AND VERDICT

### 1. UNANIMOUS VERDICT – JURY CONDUCT

To render a verdict, all twelve of you must agree, that is, your verdict must be unanimous.

Therefore, during your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment. It is not required that you yield your view simply because a majority holds to the contrary view, but in pursuing your deliberations, you should keep your minds reasonably open with respect to any point in dispute so that you will not be prevented from achieving a unanimous verdict due to mere stubbornness. It is your right, however, to maintain your view. The vote of each juror is as important as the vote of any other juror, and you need not give up your view, sincerely held, simply because a majority holds to the contrary view.

Do not approach your consideration of the case in an intellectual vacuum. You are not required to disregard your experiences and observations in the ordinary everyday affairs of life. Indeed, your experiences and observations are essential to your exercise of sound judgment and discretion, and it is your right and duty to consider the evidence in light of such experiences and observations. It is hoped and anticipated that you will sift all of the evidence in this case through maturity and common sense.

Of course, you should not permit prejudice, sympathy, or compassion to influence you. All that any party is entitled to, or expects, is a verdict based upon your fair, scrupulous, and conscientious examination of the evidence and an application of the law as I have instructed you to that evidence.

2. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

During your deliberations, if you need further instruction or assistance by the Court in any way, I ask that, through your foreperson, you reduce such requests or questions as you may have to writing. The foreperson may then hand such written request or question to the marshal in whose charge you will be placed. The marshal will bring any written questions or requests to me. I will attempt to fulfill your request or answer your question. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Bear in mind also that you are never to reveal to any person–not even to the Court–how the jury stands, numerically or otherwise, on the question of whether the accused is guilty or not guilty, until after you have reached a unanimous verdict.

You may now retire with the marshal to enter upon your deliberations. When you have reached a verdict, you will return here and make your verdict known.